### No. 3008.—THE STATE *v.* MERRYMAN CAULFIELD et als.

A juror who has formed an opinion based on common rumor without any prejudice or bias against the accused, is not disqualified from sitting on the trial.

After the accused has been indicted and pleaded not guilty, it is too late to urge his right to a preliminary examination before a committing magistrate.

Questions of fact, as to whether certain witnesses who testified on the trial, had sworn falsely, can not be noticed on appeal. Constitution, art. 74.

The fact that alcoholic liquors were furnished the jury, to be used by them for refreshment, while sitting on a protracted trial, does not vitiate their verdict; nor is this fact of itself good cause for a new trial.

The presence of the sheriff or his deputies in the jury room during the trial is not misconduct, and the sheriff did nothing more than his duty in procuring a change of clothing for the jurors during the trial, which lasted five days.

The deposit of the *venire* with the clerk and posting it up in the clerk's office on the first day of the term are a sufficient compliance with the law requiring it to be filed in the clerk's office on that day.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey,* J. *M. A. Esteban,* District Attorney for the Fifth Judicial District. *Kernan & Lyons,* for defendant and appellant.

HOWE, J. The defendants were indicted for the crime of murder, found guilty without capital punishment, and sentenced to imprisonment at hard labor for life. They have appealed, and claim a new trial upon the following grounds presented by their bills of exceptions:

*First*—That after the *venire* of jurors had been exhausted and the bystanders in the courthouse had been summoned as talesmen and their number exhausted, the court ordered the sheriff to summon fifty citizens from the community to act as talesmen. We understand from this that, the jury being yet incomplete, the sheriff was sent out into the town where the court was held to bring in talesmen. We are not referred to any authority to show any error in this course, and the point seems to be abandoned. 14 An. 461.

*Second*—That two jurors were challenged for cause by the defendants, and the challenges improperly overruled. Each of these two jurors, on their *voir dire,* said, respectively, that he had formed and expressed an opinion, that it was a deliberate and fixed opinion, that it was formed from common rumor, that it would require evidence to remove it from his mind, that circumstantial evidence, if reliable and satisfactory, would remove it, that he had no bias or prejudice against the accused, and that he could render an impartial verdict according to the law and the evidence. Both jurors were challenged peremptorily, and neither sat on the trial of the cause. It does not appear that the defendants, or any of them, by this course exhausted their peremptory challenges. An opinion, based on rumor, where there is no bias or prejudice against the prisoner, does not disqualify; and, moreover, even if there should be reason to think that the challenge for cause should have been maintained, yet where the jurors did not

sit in the case, and it does not appear that the prisoners' peremptory challenges were exhausted, we should not feel called on to grant a new trial. 14 An. 462.

*Third*—That the court *a qua* erred in refusing the accused a preliminary examination.

The record shows that the accused were indicted, pleaded not guilty, were tried and found guilty, and this question of a preliminary examination was not suggested until a motion was made for a new trial. If there was anything in the point, it was made too late.

*Fourth*—That two witnesses who had turned evidence for the State, had sworn falsely. This was urged as a reason for a new trial. The jury and the judge below appear to have believed the witnesses in question, and we have no jurisdiction to receive or reverse their decision of a question of fact. Constitution, art. 74.

*Fifth*—That intoxicating liquors were furnished to the jury during the trial. It does not appear that any liquors were furnished to the jury after they retired to consider of their verdict. The trial, however, lasted five days, and during this long time the jury were of course not allowed to separate day or night, and were obliged to eat and drink in order to sustain life; and the bill of exceptions states as follows : " Though liquor was given to the jury it was in moderation. None of them were intoxicated at any time. Their confinement was such that several of them were affected with sickness." This statement, signed by the judge, is conclusive upon us as a finding of fact; and though we would be far from encouraging the practice in jurymen of taking an enemy into their mouths to steal away their brains, yet we must recognise the fact that alcohol has its use in case of exhaustion and illness. We know of no rule of law which requires total abstinence from beverages containing alcohol upon the part of every member of a jury during the whole of five days and nights of a trial, when several of them are affected with sickness ; and we do not feel called upon to grant a new trial upon this point.

*Sixth*—That there was misconduct on the part of the sheriff and his deputies in eating with the jury and sleeping in the same room with them and in sending and receiving for them messages in regard to changes of clothing. It, however, appears that the sheriffs did not converse with the jury in regard to the case, and that the jury never conversed with any outside parties on any subject. The presence in the jury room of a sheriff or his deputies is not misconduct. State *v.* Summers, 4 An. 27 ; and it was decent and necessary to send for and receive changes of clothing during the trial ; which, we may remark, was concluded on the first of June.

*Seventh*—That the *venire* of jurors was not filed in the clerk's office on the first day of the term. The *venire*, it appears, was deposited in the

State v. Caulfield et als.

clerk's office on the first day of the term and posted up in such way that it might be conveniently examined. It further appears that the accused, when arraigned, pleaded not guilty and waived service of a copy of the *venire*. If this point could properly be raised after verdict, we think the deposit and posting up in the clerk's office a sufficient filing, the objection being that the words "filed," etc., were not written on it. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." Bonvier's Law Dict. *File.*

*Eighth*—That the court erred in allowing Bolivar Green and Henry ᵀerrill, alleged accomplices, to testify. There is no force in this point.

or the reasons given, it is ordered that the judgment appealed from be affirmed with costs.