## No. 11,934.

### STATE OF LOUISIANA VS. CHARLES PAIN.

On an indictment for murder, threats of violence against the deceased by the accused are admissible to show malice on his part. 1 Bishop Crim. Law, p. 1110; 34 An. 1012; 36 An. 859.

On the cross-examination of witnesses to prove the good character of the accused for peace and quietness, they may be asked if they had not heard particular acts of violence imputed to the accused. Reputation is derived from what people generally say of the party whose character is the subject of investigation, and the witness testifying to the good he has heard of the party may be

asked on the cross-examination if he has not also heard evil conduct attributed to the party. 3 Rice on Ev., p. 604, Sec. 376; 1 Taylor, Sec. 352; 2 Starke p. 304.

The wife is not a competent witness for or against the husband in the criminal prosecution against him. The Article 2281 and Acts of the Legislature Nos. 29 and 59 of 1886 and 1888, applying only to testimony in civil cases, have no purpose to affect the rule excluding the wife as a witness for or against the husband in criminal prosecutions; the only exceptions in such proceedings are when from necessity the wife testifies to crimes in respect to her person, and the other, limited exceptions having no pertinence here. 1 Greenl., Sec. 343.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Perrault, J.*

---

*M. J. Cunningham*, Attorney General, and *E. B. Dubuisson*, District Attorney, for Plaintiff, Appellee.

---

*E. P. Veazie* and *John N. Ogden* for Defendant, Appellant.

---

Submitted on briefs January 4, 1896.
Opinion handed down January 20, 1896.

---

The opinion of the court was delivered by

MILLER, J. Defendant appeals from a sentence for murder and relies on bills of exception to the rulings of the lower court, permitting testimony of threat of the defendant against the deceased; allowing the State, on cross-examination of character witnesses produced by defendant, to ask whether the witnesses had not heard particular acts of violence imputed to the accused, and excluding the wife of the accused from testifying.

It is, we think, too clear to admit of discussion that threats of violence against the deceased, made by the accused preceding the homicide with which he is charged, are admissible in evidence to show malice: 1 Bishop Criminal Law, Ed., p. 1110; State vs. Edwards, 34 An. 1012; State vs. Birdwell, 36 An. 859. The learned judge of the lower court, in signing the bill, discriminates the principle, authorizing such testimony, from the test of admissibility of testimony of threats of deceased when relied on by the accused. In the decision cited by the defendant in this case, the accused sought to prove in his defence on a charge of murder a conditional threat

against his life made by the deceased and communicated. The court excluded the testimony on the ground the condition of the threat had not occurred. It is manifest the decision has no application here, in which the threat is not by the deceased, but by the accused, who followed it by killing the deceased against whom the threat was directed. State vs. Vance, 32 An. 1177. It was for the jury to determine the weight of the testimony, but its tendency to show malice on the part of the accused is, in our view, not to be questioned.

Witnesses testifying to the good character of the deceased for peace and quietness may properly be cross-examined as to the grounds on which they found their testimony. In testifying on direct examination on this point the witness is confined to his knowledge of the general reputation of the party whose character is under investigation. General reputation is made up of that which people in general say of the party of which the witness has knowledge. 1 Greenleaf on Evidence, Sec. 101. It would seem, therefore, competent to ask the character witness on cross-examination if he has not heard evil conduct imputed to the party. In this case the questions on cross-examination were whether the witnesses had not heard the accused had whipped a woman, and whether the witness had not also heard of another instance in which the accused had drawn a pistol on another. The court admitted the testimony, not to prove the particular acts, but to test the knowledge of the witnesses and enable the jury to properly appreciate their testimony as to the character of the accused. For that purpose, we think the testimony was admissible. Mr. Rice, in his volume on Evidence, in criminal cases, thus states the law: While particular acts of bad conduct are not admissible to assail character on direct examination, a witness deposing to character may be cross-examined as to particular facts, in order to test the soundness of his opinion and elicit the *data* on which it is founded, and the author supports the text by authorities. 3 Rice on Evidence, p. 604, Sec. 376; 1 Taylor, Sec. 352; 2 Starkie, 304.

The other bill reserved by the defendant was to the exclusion of his wife, as a witness offered on his behalf. The purpose of the offer, the bill states, was to show that the defendant made her his agent to deliver a message to deceased bearing on this litigation. The general rule that disqualifies the wife as a witness for or against her husband is conceded, but it is claimed there is an excep-

tion introduced by the acts of the Legislature No. 29 of 1886 and No. 59 of 1888. That of 1886 relates to the competency of witnesses in criminal proceedings. It declares the incompetency of the wife as a witness for or against the husband, except in cases then provided by law. The exceptions thus recognized are when the wife testifies to the crime committed in respect to her person, and in other cases having no pertinence to the question here. 1 Greenleaf, Sec. 343 *et seq.* The Act of 1888, amending Art. 2281 of the Code, declaring the incompetency of the wife as a witness, but permitting her to testify for her separate interest whenever she may be joined as plaintiff or defendant with her husband, extends her competency when she is the husband's agent, and permits her to testify to all matters within the scope of her agency. Neither the article in the Code or the amendment of 1888 have any applicability to criminal cases. They relate to civil suits. We think the proposition too clear to need discussion that the incompetency of the wife for or against the husband, is governed by the general principle laid down in all text-books and affirmed by our statute. No repeal or modification of this principle can be with reason deduced from an act amending the Civil Code in which criminal prosecutions, and the method of criminal procedure have no place. There was, in our opinion, no error in excluding the wife as a witness.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed with costs.