No. 14,168.

## STATE OF LOUISIANA VS. NATHANIEL WESTON.

### SYLLABUS.

1. The time for urging objection to the charge of the judge to the jury is before the retirement of the jury. Such objections, if urged for the first time on motion for new trial, will not be considered by this court.

2. The grounds of such objections must be stated, so as to inform the trial judge of the nature of the objection and afford him an opportunity to rectify the matter complained of. The degree of particularity required in stating these grounds will depend upon whether the objection is based purely on law or partly on facts. To challenge the correctness of a legal proposition involved in a charge, it is sufficient to point out the particular part objected to and to say that it is not a legal charge ; but to challenge the correctness of a charge because of its inapplicability to the facts, or because of its not stating the law with sufficient fullness, or in terms suitable to adapting it to the facts of the particular case, the respects in which the charge is deficient must be specified.

APPEAL from the Twenty-Fourth Judicial District, Parish of West Feliciana—*Kilbourne, J.*

*Walter Guion,* Attorney-General, and *Robert C. Wickliffe,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Samuel McC. Lawrason,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J.—This case is before us on two bills of exception. The first to a part of the charge to the jury, and the second to the refusal of a new trial.

It is contended in behalf of the State that the objection embodied in the first bill cannot be considered by us because, so far as the bill shows, the grounds of it were not stated at the time that it was made. Such is the rule, the grounds or reasons of an objection must be stated; an objection cannot be efficiently made in general terms; the idea being that the trial judge should be fully informed of the nature of the objection, in order that he may be afforded an opportunity to correct his charge if erroneous; and this to avoid the setting aside of verdicts for matters which could and probably would be rectified if properly and timely called to the attention of the judge. State vs. Callahan, 9 Ann. 210; State vs. Chopin, 10 Ann. 458; State vs. Beaird, 34 Ann. 105; State vs. Smith, 35 Ann. 543; State vs. Melton, 37 Ann. 77; The Francis Wright, 105 U. S. 389.

The bill reads, as follows:

"Be it remembered that on the trial of the defendant, Nathaniel Weston, for manslaughter, in this cause, the evidence on the part of the State having been affirmative in character, and that on the part of the defence negative in character, the court charged the jury as part of the instructions given them for determining the guilt or innocence of the accused, the defendant herein, that affirmative evidence was rather to be believed than negative evidence when witnesses testifying to affirmative and negative facts are equally reliable, and were shown to have had equal opportunities for observation. To which part of the charge defendant by counsel objected as prejudicial to the defendant, and not a legal and proper charge to the jury, though the court had also charged in connection with said part of the charge objected to

"—that the jury were the sole and exclusive judges of the evidence, and that it was the duty of the jury to weigh the testimony of all witnesses, and that it was in the province of the jury to accept or reject all or

any part of the testimony of any witness, and that it was for the jury to judge of the credibility of witnesses '

That defendant's objection was overruled by the court, and said ruling seasonably and at the time excepted to, and the present bill of exceptions to said ruling, and to the part of the said charge excepted to, duly reserved, and which is now respectfully presented to the court for signature, by defendant, through his counsel.

S. McC. Lawrason,

Charles Kilbourne, *Judge.*"

The only grounds of objection here stated are that the charge is prejudicial and not a legal and proper charge; and the question is whether this was a sufficient statement of the grounds of objection.

We think that in considering the degree of particularity with which grounds of objection must be stated a distinction should be made, in the first place, between an objection founded purely on law and an objection founded partly on facts; examples of the latter kind being objections to the admission of evidence, and objections to a charge because of its inapplicability to the facts of the case: and, in the second place, between an objection to the correctness of the legal proposition involved in the charge of the court, and an objection not to the correctness of the legal proposition, but to the adequacy or aptness of the terms made use of by the court in expressing it. The judge is presumed to know the law, and therefore, the correctness of a legal proposition involved in a particular part of his charge is fairly challenged by a mere pointing out of the particular part of the charge and a statement that it is not legal; but he is not presumed to know the facts, and is not presumed to be infallible in the aptness or sufficiency of the terms made use of by him in stating legal propositions, and therefore objections founded partly on facts, or founded on the inadequacy of the terms made use of in stating the law on the particular point involved, should specify the grounds on which complaint is made.

Viewing the instant case in the light of this distinction, we think that the grounds of objection were sufficiently stated to challenge the correctness of the legal proposition involved in the charge, but were not sufficiently stated to call the atention of the judge to any error resulting from the inapplicability of the proposition to the facts of the case, or from the inadequacy of the terms made use of in stating the law on the particular point involved.

Taking the charge as a whole, we can see in it no error of law; it is not incorrect to say that "affirmative evidence is rather to be believed than negative evidence when witnesses testifying to affirmative and negative facts are equally reliable, and are shown to have had equal opportunities for observation;" (State vs. Chevallier, 36 Ann. 84; State vs. Dorsey, 40 Ann. 742); and also it is not incorrect to say "that the jury are the sole and exclusive judges of the evidence, and that it is the duty of the jury to weigh the testimony of all witnesses, and that it is the province of the jury to accept or reject all or any part of the testimony of any witness, and that it is for the jury to judge of the credibility of witness."

The charge may be objectionable in that it does not explain what is meant by negative evidence as contradistinguished from affirmative evidence; and it is possible that the witnesses giving negative testimony had not only enjoyed equal opportunities for observation, but had exercised the opportunities, so that under the doctrine of the cases of Chevallier and Dorsey, cited above, their testimony was entitled to equal weight with the affirmative testimony; but if in these respects, and in the other respects specified in defendant's second bill, the charge was defective and objectionable, these were matters which the trial judge could have rectified if his attention had been called to them, and which the defendant cannot take advantage of, he having failed to call the judge's attention to them.

The motion for new trial was based on the same alleged error in the charge. In this motion the grounds of objection to the charge are stated to be that the charge was objectionable in that it "was misleading in that among other things it eliminated from consideration the probability or improbability of affirmative or negative evidence, and the number of witnesses supporting the affirmative and negative statements respectively, and that such a charge trenched on the province of the jury as sole judges of the facts, and though inadvertently amounted to a hint of the court's preference for affirmative testimony; and prejudiced defendant whose defence was based on the negative testimony of many witnesses, in itself probable—said witnesses being State as well as defendant's witnesses; and the case of the State supported by the positive testimony of only one witness not positively discredited." It is needless for us to enquire whether these grounds were good or not, they not having been urged timely, that is, before the retirement of the jury. It is well settled that objections

to a charge must be urged before the retirement of the jury and cannot be urged afterwards. State vs. Ryan, 30 Ann. 1176; State vs. West, 45 Ann. 928; State vs. Walker, 39 Ann. 19. See also the cases cited in the first part of this opinion.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed at the costs of the appellant.