(41 South. 105.)

No. 15,948.

STATE v. LE BLANC.

(March 26, 1906.  Rehearing Denied April 23, 1906.)

1. WITNESSES—CROSS-EXAMINATION.

A witness called for the defense in a criminal prosecution, and testifying on direct ex-

amination to the general good character of the accused, may be cross-examined as to particular facts, in order to test the soundness of his opinion and the data upon which it is founded.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 965.]

2. CRIMINAL LAW—BILL OF EXCEPTIONS.

Where a bill of exception shows that a question propounded on cross-examination to one of the defendant's witnesses was objected to, but does not show that it was answered, there is no reversible error disclosed, even though the objection were improperly overruled; non constat but that the answer may have been quite the reverse of prejudicial to the defendant.

3. SAME—INSTRUCTIONS.

The trial judge is not bound to give special charges, requested on behalf of the defendant in a criminal case, when the law has been fully and correctly stated in the general charge already given.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 2011.]

4. HOMICIDE—INSTRUCTIONS.

The instructions to the jury, specially requested, that: "Where a husband is charged with the murder of his wife, there is a strong presumption, in his favor, of his innocence, on account of the natural love and affection which usually exist between husband and wife. This presumption is in addition to the legal presumption that exists in favor of any person charged with the commission of a crime"—is properly refused.

5. SAME—CIRCUMSTANTIAL EVIDENCE.

The court having charged "that circumstantial evidence is legal evidence, but it must be of such a character and nature as to exclude every reasonable hypothesis other than that the prisoner is guilty. The circumstances not only must all be in harmony with the guilt of the accused, but they must be of such a character that they cannot be true, in the nature of things, and the accused be innocent"—and more to the same effect, the charge, specially requested, that "in a murder case circumstantial evidence must be received with great caution," is properly refused.

6. SAME—NEW TRIAL—VERDICT.

The allegation, in a motion for new trial, that the jury, in a murder case, found a verdict in 15 minutes, suggests no illegality in such verdict.

7. CRIMINAL LAW—OBJECTIONS TO CHARGE.

Objections to the charge delivered by the judge, but made for the first time in a motion for new trial, come too late.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 2210–2218, 2646.]

8. SAME—PRESENCE OF ACCUSED.

It is not necessary that the accused should be personally present when his case is ordered to be set down for trial.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 1470.]

9. SAME—MOTION IN ARREST.

Objections to the charge delivered by the judge cannot be entertained in a motion in arrest of judgment.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2438.]

10. HOMICIDE—NEW TRIAL.

When a person accused of murder pleads to the indictment, goes to trial, and is convicted, he cannot, on a motion for new trial, raise the question of his right to a preliminary examination.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Elius Le Blanc was convicted of murder, and appeals. Affirmed.

Martin, Voorhies & Martin, for appellant. Walter Guion, Atty. Gen., and Edwin Sidney Broussard, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. The defendant, having been convicted of the murder of his wife, and sentenced to death, has appealed, and for reversal of the conviction and sentence relies upon certain bills of exception, which will now be considered in the order in which we find them in the record.

1. A witness for the defense, having testified in chief to the general good reputation of the accused, was asked, on cross-examination, the following question, to wit:

"You have testified to the general good reputation of the accused in the community where he lived. Was he not likewise generally reputed in the community where he lived to be familiar with a certain lady, near his house, whom he visited?"

Such question was objected to by counsel for the accused, "on the ground that the state could not particularize the conduct of the accused, but was restricted to cross-examine

on the general reputation of the accused in the community where he lived"; and, the objection having been overruled, a bill was reserved.

The ruling was correct. "While particular acts of bad conduct are not admissible to assail character on the direct examination, a witness deposing to general character may be cross-examined as to particular facts in order to test the soundness of his opinion and elicit the data upon which it is founded. * * * By this is meant, not the truth of such particular facts, but circulating rumors of them which form a part of the general repute and help to make up one's good or bad character. This principle is illustrated by the old case of Reg. v. Wood, 5 Jur. 225, where a witness for the defendant, who was charged with highway robbery, having testified to his good character, was asked, on cross-examination, whether he had not heard that the prisoner was suspected of having committed a robbery in the neighborhood a few years ago. It was objected that this was a particular fact, raising a collateral issue. The objection was overruled by Baron Parke, who observed: 'The question is, not whether the prisoner was guilty of that robbery, but whether he was suspected of having been implicated in it. A man's character is made up of a number of small circumstances, of which his being suspected of misconduct is one.'" Rice on Ev. vol. 3, p. 604, par. 376; State v. Pain, 48 La. Ann. 311, 19 South. 138.

2. A witness for defense was asked, on cross-examination, "Did not the accused tell you that he had a woman on the outside?" Whereupon the accused, through counsel, objected to the question. The bill does not show the ground of the objection, nor what answer, if any, was made when the objection was overruled. From the statement per curiam we infer that the witness had testified, upon his direct examination, to the general good character and reputation of the accused and to his kindly treatment of his wife. If so, the question objected to was admissible for the reasons which have been stated, and because having another woman on the outside would be inconsistent with such conduct. But, whether that be so or not, the bill shows no ground for reversing the judgment, since it does not appear therefrom that any answer was given which could have prejudiced the accused; non constat, but that it was quite the reverse.

3. No written charge was demanded, and no bill was reserved to the charge given, which appears in the record, having been, apparently, reduced to writing without demand to that effect. The defendant, however, requested the court to give the following special charges, to wit:

"(1) When, from the whole proof offered to the jury, there is a probability of the defendant's innocence, it amounts to a reasonable doubt of his guilt, and he should be acquitted.

"(2) When the jury, on account of the nature of the evidence offered, or account of the insufficiency of the evidence offered, are not convinced and certain that the accused has committed the crime charged, they should acquit him, although they may not believe him to be innocent.

"(3) Where a husband is charged with the murder of his wife, there is a strong presumption in his favor of his innocence, on account of the natural love and affection which usually exist between husband and wife. This presumption is in addition to the legal presumption that exists in favor of any person charged with the commission of a crime.

"(4) When the proof in the case raised only a strong probability of the guilt of the accused, it is not proof beyond a reasonable doubt, and the accused should be acquitted.

"(5) In a murder case, when circumstantial evidence is relied on by the state for conviction, it is not sufficient that the circumstances proven should create on the mind of the jury an impression that the accused might or could have committed the crime, but, to bring a verdict of guilty, the jury must be sure, certain, convinced that the accused did commit the crime.

"(6) In a murder case, circumstantial evidence must be received with great caution. Where circumstantial evidence is relied on by the state for conviction, it is necessary that all the circumstances shall concur to show that only the accused could have committed the crime and that no other person could have committed it."

The judge refused to give these special charges, save a portion of charge No. 6, as follows: "In a murder case, where circumstantial evidence is relied on by the state for conviction, it is necessary that all the circumstances shall concur to show that only the accused could have committed the crime and that no other person could have committed it"—which was given; the grounds of his refusal being that he had already fully charged the jury upon the law of circumstantial evidence and of reasonable doubt, and the defendant, through his counsel, reserved a bill.

The special charges 1, 2, 4, and 5, and so much of 6 as was given by the judge, were fully covered in the general charge. The proposition, as contained in requested charge 3, to the effect that there is a strong presumption (in addition to the legal presumption of innocence applicable to all persons accused of crime) that the husband, charged with the murder of his wife, is innocent, is not supported by any law to which we have been referred; the most, we take it, that can be said upon that subject being that proof of the existence of amicable and kindly relations in such case may serve to strengthen the presumption of innocence of which the law gives the husband, as it gives every one prosecuted for crime, the benefit. The proposition, as contained in requested charge 6, that "in a murder case circumstantial evidence must be received with great caution," was included, so far as it should have been given, in the general charge and in that portion of the requested charge which was given; the general charge upon the subject having been as follows:

"Circumstantial evidence is legal evidence; but it must be of such a character and nature as to exclude every reasonable hypothesis other than that the prisoner is guilty. The circumstances must not only all be in harmony with the guilt of the accused, but they must be of such a character that they must also be inconsistent with any other rational conclusion, and such as to leave no reasonable doubt in your mind of his guilt. To warrant a conviction on circumstantial evidence, it is necessary that the circumstances should be of such a nature, and so related, as to leave no reasonable doubt that the accused is guilty of the offense with which he is charged."

4. A motion for new trial, to the overruling of which a bill was reserved, sets forth, in substance, that the jury deliberated only 15 minutes; that the charge, as given by the judge, was erroneous in several particulars; that the special charges requested were improperly refused; that the rulings to which the bills already considered were reserved were erroneous; that, having had no preliminary examination, the defendant was not prepared to meet the series of circumstances brought out at the trial.

There is no proof in the record as to the length of time taken by the jury in finding a verdict, and there is no law requiring more time to be taken than is needed. It is stated, however, in the brief filed on behalf of the state (on the authority of the district attorney), that the jury in this case consumed two hours in deliberating before finding the verdict. Objections to the charge given by the judge come too late when made for the first time on a motion for new trial. State v. Wright, 104 La. 45, 28 South. 909; State v. Weston, 107 La. 45, 31 South. 383; State v. John, 109 La. 1088, 34 South. 98.

There is nothing in the record on the subject of the preliminary examination. But, after having pleaded to the indictment and having been tried and convicted, it was too late for the defendant to assert his right to a preliminary examination. State v. Caulfield, 23 La. Ann. 148.

5. A motion in arrest of judgment, to the overruling of which a bill of exception was reserved, alleges that the defendant was not present when his case was fixed for trial, having been brought into court only on the day of the trial, and that the judge charged the jury erroneously as to the law. It appears from the statement of the judge that the

counsel for the accused was present when the case was fixed for trial, and consented thereto, and "the personal presence of one charged with crime is not necessary or required at each and every step of his case, or when each and every proceeding is taken therein. It is only needful that his actual presence be shown during the arraignment, trial, charge, verdict, and sentence." State v. Hardaway, 50 La. Ann. 1349, 24 South. 321. The other ground of the motion has already been disposed of, and, besides, is without merit.

Judgment affirmed.