(63 South. 850.)

No. 20,282.

STATE v. STANLEY.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 227*)—PROSECUTION—EVIDENCE.

Where defendant was charged with selling intoxicating liquors in a prohibition district at a particular time and place, evidence tending to show that the defendant was in charge of said place shortly before the date of the alleged offense is relevant to the issue.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 287; Dec. Dig. § 227.*]

2. CRIMINAL LAW (§ 1120*)—APPEAL—RECORD—EXCLUSION OF QUESTION.

Where the information charged that the defendant sold a particular brand of whisky in August, 1913, and the defendant, as a witness in his own behalf, was asked whether he kept or had such a brand of whisky during the summer, and defendant's objections to the question were overruled, and he excepted to the ruling of the court, *held*, that the bill disclosed no prejudice whatever to the defendant, as the record does not disclose what answer, if any, the defendant made to the question propounded to him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. § 1120.*]

Appeal from District Court, Parish of Caddo; T. F. Bell, Judge.

Arthur Stanley was convicted of retailing intoxicating liquors without a license, and appeals. Affirmed.

David R. Rosenthal, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State.

LAND, J. Defendant was charged on information with retailing intoxicating liquors without a license, on the 14th day of August, 1913. The information set forth a bill of particulars as follows, to wit:

"First. Sale made in person.

"Second. Sale was made on date alleged above, at corner of Louisiana and Fannin streets, Shreveport, La.

"Third. Sale consisted of one-half pint of Log Cabin Whisky."

The defendant was tried before the judge below, and was convicted and sentenced to pay a fine of $500 and costs, and to serve five months on the public works of the parish, and in default of the payment of fine to serve six months' additional on said public works. Defendant has appealed, and assigns as error the overruling of his objections to three questions propounded by the district attorney.

[1] A witness for the state was asked the following questions, to wit:

"(1) Q. Did you go to the house on Fannin and Louisiana streets, before the date of the alleged sale?"

Defendant objected on the ground that what the witness did before the date of the sale was immaterial and irrelevant, and for further reason that the defendant was not charged with conducting a grog or tippling shop. The objections were overruled, and the witness answered, "He had."

"(2) What was the defendant doing on the previous occasion when you went there?"

Same objection and ruling. The witness answered, "He had charge of the said place."

(3) Defendant being placed on the stand in his own behalf, was asked the following question by the district attorney, viz.:

"Q. Did you keep and have Log Cabin Whisky during the summer?"

The defendant objected on the ground that the evidence sought to be elicited tended to prove a sale or sales, or possession of whisky, on other dates than the one charged in the information. The objections were overruled, but the bill does not recite the answer, if any, to the question.

The trial judge states his reasons for overruling defendant's objections to questions 1 and 2 as follows, viz.:

"Questions 1 and 2 were allowed for the purpose of connecting defendant with the place in question, to show that he was the proprietor; and the state was limited to a time shortly previous to the alleged sale."

The evidence was clearly relevant to connect the defendant with the place where it was charged the intoxicating liquor was sold.

[2] As to question 3, the trial judge says:

"Question 3 was allowed for the purpose of corroborating a state witness that he purchased Log Cabin Whisky from the defendant; the objection going more to the effect than the admissibility of the evidence."

Neither the evidence, nor the bill, shows what answer, if any, was made by the defendant to the question propounded to him.

In State v. Munlin, 133 La. 63, 62 South. 352, this court said:

"The second bill discloses no prejudice whatever to the defendant, as it does not show that the witnesses answered the question. See State v. Le Blanc, 116 La. 822 [41 South. 105]."

Judgment affirmed.