LAND, J.
Defendant was convicted of larceny from the person, and was sentenced to imprisonment at hard labor, for not' less than one year nor more than two years. He relies on appeal upon the following bills of exceptions:
Bill No. 1.
On the trial of the case, the district attorney offered in evidence a written statement made by the prosecuting witness at the police station. Upon objection made by counsel for defendant, this statement was excluded. Defendant' complains that at the time his counsel made this objection to the admissibility of the written statement, the prosecuting officer said to him, in the presence and hearing of the jury: “Why are you objecting? Are you afraid for it to gofo the jury?”
Counsel for defendant urges that this remark of the state’s attorney tended to prejudice the minds of the jurors against the accused and to lead them to believe that there was matter in said statement that would tend to show the guilt of the accused.
Counsel for defendant made no request at the time that the trial judge take any action whatever, but complains in the bill that the trial judge failed to rebuke the district attorney for making the remark, and failed to instruct the jury to disregard the remark made. No action was required by the district judge under the circumstances. The bill is without merit.
*13 Bill No. 2.
Defendant, while on cross-examination, was asked by the district attorney the question: “How many times have you been arrested?” Counsel for defendant objected to this question on the ground that it' was not a proper question to be propounded to defenddant as a witness, and that the only question that the district attorney could legally ask defendant was: “How many times have you been convicted?”
The objection was properly overruled, as the question propounded to defendant by the prosecuting officer was legitimate. State v. Poster, 153 La. 154, 95 South. 536.
Bill No. 3.
The motion for new trial contains the additional grounds: (1) That the verdict was contrary to the law and the evidence; (2) that t'he evidence of the prosecuting witness failed to identify the accused as the guilty party; (3) that the whole of the state’s case was evidently a frame-up.
As we have no jurisdiction over the facts of the case affecting the guilt or innocence of the accused, these are matters which we cannot review on appeal.
The conviction and sentence are therefore affirmed.