THOMPSON, J.
The defendant, Alto Hamilton, was convicted of the crime of murder, and from a judgment condemning him to be hanged in the manner provided by law prosecutes this appeal.
He relies on two bills of exception for a reversal of the conviction and sentence; both being directed at the ruling of the.trial judge in refusing to sustain a challenge of cause urged against the competency of two jurors.
Bill No. 1.
This bill complains that Everett Scott, a de talibus juror, was incompetent, because he had already formed an opinion as to the guilt or innocence of the accused, which would require contrary proof to enable him to change his said preconceived opinion.
The evidence attached to the bill and the 'per curiam of the judge shows that what the juror stated as an opinion was but a mere impression formed from a general discussion as to the crime with which the defendant was charged. The proposed juror had not heard what purported to be the details or facts of the crime, and the impression or opinion which he had formed would very readily yield to the evidence as he heard it from witnesses on ,the stand; that he would try the case solely on the evidence he heard on the trial,.and not on what he heard on the outside.
The juror was not incompetent for the reason asserted, and the judge properly overruled the challenge for cause. Moreover, this juror did not serve on the jury which tried the case, and, while the minutes of the court state that, when the panel to try the case was completed, the accused had exhausted his peremptory challenges, it is not shown nor is it contended that the accused was forced to accept unwillingly any juror because of the action of the court in forcing the accused to challenge the Juror Scott peremptorily.
Bill No. 2.
This bill is leveled at the refusal of the court to sustain a challenge for cause of S. R. Boykin, also a de talibus juror, because he had an opinion as to the guilt or innocence of the accused.
The examination of this juror shows that he knew nothing of the facts of the case, except what he had read in the newspapers, and, while he had formed an impression or an opinion from what he had read, *1072 such impression or opinion was not fixed, and would readily yield to the evidence, and that he would try the case on the evidence, and what he had read or heard about the case would “play no part in deciding the case.”
The juror was a competent juror, and there is to be found no reversible error in the ruling of the court.
The jurisprudence of this state has consecrated the rule that proffered jurors axe not incompetent or disqualified from serving as jurors in a criminal case because of impressions or opinions formed from reading of newspaper reports and from hearing the case discussed, where such impressions and opinions are not definitely fixed, but will readily yield to the evidence adduced on the trial of the case, and where such jurors feel, and so testify to the satisfaction of the trial judge, that their minds are open and in such condition as that they can and will decide the ease solely on the evidence produced on the trial of the case.
In State v. Holbrook, 153 La. 1032, 97 South. 27, we approved the rule stated in the syllabiis of the case of State v. Rini, 153 La. 57, 95 South. 401, and declared that the same must be accepted as the law in this state, as follows:
“Jurors who testified that they had formed opinions in a murder case from newspaper reports or hearing the case discussed, and some of whom testified that it would take ’evidence, or strong, positive/ or convincing evidence, to remove such opinions, but who' also testified that they could disregard their opinions and decide the case according to the law and the evidence, held not disqualified.”
See, also, State v. Bunger, 14 La. Ann. 461; State v. Caulfield, 23 La. Ann. 148; State v. Lartigue, 29 La. Ann. 642.
There are no other errors assigned, and there are none patent on the face of the record.
The judgment and conviction are therefore affirmed.