*859
 
 BRUNOT,
 
 3.
 

 The accused was charged with murder. He was tried and the jury returned a verdict of guilty of manslaughter, and the court sentenced the accused to not less than five, nor more than ten, years at hard labor in the state penitentiary. From this verdict and sentence he has appealed. Counsel for accused has not filed a brief in this case, but the record shows that four bills of exception were reserved during the trial.
 

 Bill No. 1 was reserved to the court’s overruling the objection of defendant’s counsel to a question propounded to a defense witness on cross-examination. The testimony elicited concerned an altercation between the sister of the accused and the Frazier girls a short time prior to the killing, and the connection of the accused with that altercation. The per curiam of the judge to this bill is as follows:
 

 “This was the sister in whose alleged defense defendant shot and killed the deceased; the court, therefore, thought it proper on cross-examination to permit the state to ask the above questions in its effort to sustain its contention that the witness was the aggressor.”
 

 We have read the bill and the questions attached thereto carefully, and we are of the opinion that the judge’s ruling was correct. The bill does not recite what, if any, answers were given by the witness to the questions propounded.
 

 In the case of State v. Stanley, 134 La. 131, 63 So. 850, this court said:
 

 “The bill disclosed no prejudice whatever to the defendant, as the record does not disclose what answer, if any, the defendant made to the question propounded to him.”
 

 Again, in the ease of State v.-Munlin, 133 La. 60, 62 So. 351, this court said-:
 

 “An objection to a witness avails nothing, if his answer be not stated in the bill of exception, or in the notes of evidence thereto attached.”
 

 In the case of State v. Le Blanc, 116 La. 822, 41 So. 105, this court said:
 

 “Where a bill of exception shows that a question propounded on cross-examination to one of the defendant’s witnesses was objected to, but does not show that it was answered, there is no reversible error disclosed, even though the objection was improperly overruled; non constat but that the answer may have been quite the reverse of prejudicial to the defendant.”
 

 In the case of State v. Vial, 153 La. 887, 96 So. 796, this court said:
 

 “Where bill of exceptions fails to show what witness answered to question objected to, it does not disclose prejudice.”
 

 Bill No. 2 was reserved to the exclusion of testimony offered to prove a • dying declaration. The per curiam of the trial judge to this bill is as follows:
 

 “There had been no proper basis laid by showing that the deceased was aware of her impending death. It had been shown that her condition was serious, but not that she knew of her own condition. Furthermore, the statement sought to be introduced as a dying declaration had already been introduced as a part of the res gestae.”
 

 This per curiam shows that the defendant had the full benefit of the testimony. It went to the jury, not as a dying declaration but as a part of the res gestae, and therefore the bill is without merit.
 

 Bill No. 3 was reserved to a question propounded to a defense witness by the district attorney. The witness, on direct examination, had stated that he wanted to see the accused get' justice. On cross-examination the district attorney asked this question :
 

 “Do you want to see this defendant get justice, or do you want to see him come clear?”
 

 This question was objected to, the court overruled the objection, and counsel for the defendant reserved this bill.
 

 It is not only competent, but proper, for the state to show bias or prejudice on the"
 
 *861
 
 part of a witness. The state may do so on cross-examination, or by independent evidence. State v. Fontenot, 131 La. 60, 58 So. 1033; State v. Joiner, 128 La. 876, 55 So. 560.
 

 Bill No. 4 was reserved to the overruling of a motion for a new trial, which was based upon the allegation that the verdict was contrary to the law and the evidence, and upon the grounds alleged in Bills Nos. 1, 2, and 3, which we have already disposed of.
 

 Finding no error in the record, the judgment and sentence are affirmed.