ROGERS, J.
 

 Appellant was convicted of the offense of possessing intoxicating liquor, to wit, whisky, for beverage purposes, and was sentenced to 60 days’ imprisonment in the parish jail, and to pay a fine of $500 and costs, and, in default 'of the payment of the fine and costs, to serve four months additional in said jail. He presents 13 bills of exception in support of his appeal.
 

 Bill No. 1. This bill was reserved to the overruling of a motion to quash the information. In the motion, defendant attacked the constitutionality of Act 39 of 1921 (Ex. Sess.) and of Act 57 of 1924. His ground of attack on the first of said statutes is: (1) That the body of the act is broader than its title, in that the title is not expressive of any intention to define intoxicating liquor; and (2) that section 8 of the statute is unconstitutional, because it attempts to define intoxicants by reference to federal legislation, in violation of section 18 of article 3 of the state Constitution.
 

 The first ground of attack on the statute is without merit. State v. Coco, 92 So. 883, 152 La. 241; State v. Eddins, 107 So. 616,
 
 [1]
 
 No. 27675 of our docket, decided March 1, 1926. Defendant’s' second ground of attack is also untenable. The statute is constitutional so far as it applies to the possession of whisky iihd other liquors specifically designated. State v. Copola, 102 So. 82, 157 La. 98, and authorities therein cited.
 

 Defendant contends that Act 57 of 1924 is unconstitutional because: (1) Its title is not expressive of any intention to define intoxicating liqtíor; (2) the title does not indicate any intention to add new matter to Act 39 of 1921 (Ex. Sess.), i. e., to define those liquors that are not usually embraced in the term intoxicating liquor; and (3) said act attempts to amend an unconstitutional statute.
 

 . The first and second of said contentions were disposed of in State v. Whitlock, 159 La. 888, 106 So. 369, wherein wTe held that section 8 of Act 39 of 1921 (Ex. Sess.) defines certain intoxicating liquors, and that Act 57 of 1924 does exactly the same thing, that the title to the act of 1924 indicates that it purposes to amend
 
 thát
 
 section
 
 of
 
 the act
 
 of 1021
 
 defining intoxicating liquor, and the act itself proceeds to amend the definition of intoxicating liquor, just as the title indicates. See, also, State v. Scallan, 160 La. 162, 106 So. 731.
 

 With respect to the third ground of attack on the statute in question, it suffices to say that, whatever doubt arose concerning the constitutionality of Act 39 of 1921 (Ex. Sess.) was solely in regard to the attempt in section 8 to define certain intoxicating liquor by mere reference to the federal laws. There was never any serious dispute concerning the constitutionality of the legislative enactment so far as it applies to the possession of whisky and the other intoxicating liquors specially named. Since defendant was charged with the possession of whisky, he cannot question the validity of the provisions of the law having no application or relevancy to whisky. State v. Eddins, referred to supra.
 

 Bill No 2. Counsel for the state offered in evidence the bottles of whisky which were alleged to have been in the possession of the defendant. Objection was made to the introduction of the evidence, on the ground that the contents of the bottles had not been proven to be alcoholic. . The objection was overruled, and this bill was reserved. We think the ruling was correct. The objection wont to the weight or effect to be given to the evidence, and not t'o its admissibility. State v.
 
 *301
 
 Hollingsworth, 160
 
 La.
 
 26, 106 So. 662; State v. Scallan, supra.
 

 Bill No. 3. Counsel for defendant complains of the action of the judge in putting an end to his cross-examination of a witness whose credibility he was attempting to' impeach. The record shows that the action complained of was taken on objection of counsel for the state, and only after the same line of examination had been gone over repeatedly. We find no error in the ruling of the court. The judge is vested with a certain discretion in the conduct of trials, and, hence, may stop counsel from indefinitely prolonging a cross-examination by repeatedly going over the same matter. State v. Wren, 46 So. 99, 121 La. 55.
 

 Bill No. 4. Defendant, while on the stand as a witness in his own behalf, was asked the following question by the counsel for the state, viz.:
 

 “You were indicted in the federal court — I will ask you whether or not yon were indicted, charged in the federal court with perjury?”
 

 The question was objected to by counsel for defendant. His objection was overruled, and he reserved a bill.
 

 The bill is bad for two reasons: (1) For the purpose of impeaching his credibility, the defendant may be asked, on cross-examination, if he has ever been arrested, if he has been charged with another otfene, or if other bills are pending against him. State v. Foster, 95 So. 536, 153 La. 154; State v. Brown 97 So. 265, 154 La. 11. (2) Neither the bill nor the excerpt from the note of evidence attached thereto discloses what answer, if any, was made by the defendant to the question propounded to him. He has, therefore, failed to show wherein he was injured. State v. Le Blanc, 41 So. 105, 110 La. 822; State v. Munlin, 62 So. 352, 133 La. 63; State v. Stanley, 63 So. 850, 134 La. 131.
 

 Bill No. 5. This bill was taken to the refusal of the trial judge to charge himself as follows:......
 

 “As each and every material and necessary fact upon which a conviction depends must be proven beyond a reasonable doubt, it is necessary in order to Convict this defendant for possession of liquor to show that he did in reality possess same, and this conclusion cannot be arrived at by any presumption, but must be proven by material and competent evidence showing the possession.”
 

 The instruction was refused on the ground that it sought to have the court charge as to the weight to be given to testimony. We think the ruling was correct.
 

 Bills Nos. 6, 7, 8, 9, 10, 11, and 12 were reserved to the refusal of the court to give certain special charges with reference to the law governing circumstantial evidence. The judge declined to instruct. himself; as requested on the general ground that the charges were not applicable to the facts proven. In addition to this reason, the charges set forth in bills Nos. 10, 11 and; 12 were refused as affecting the weight to be given to the evidence. The entire facts in the case as contained in the note of evidence annexed to bill No. 13 are by special reference made part of the bills now under discussion. Defendant’s contention, as we understand it, is that, as shown by the testimony, the state yelled entirely on circumstantial evidence to secure his conviction. The trial judge, however, has disposed of this contention by showing, under his ruling, that the evidence adduced on the trial of the case was direct, and not circumstantial. The question presented, therefore, is not lack of evidence, but of its sufficiency to establish the guilt bf the defendant. It is one of fact and not of law, which we are unable to review, although the entire evidence is annexed to the bills of exception. State v. Pilcher, 104 So. 717, 158 La. 791; State v. Reynolds, 104 So. 746, 158 La. 869. Where the conviction does not depend wholly upon • circumstantial evidence, and if there is any direct testimony at all tending to connect an accused person with the commission of the, crime charged, it is- not necessary for
 
 *303
 
 the court to charge itself with reference to the rules applicable to such evidence. State v. Allen, 56 So. 655, 129 La. 733, Ann. Cas. 1913B, 454.
 

 Bill No. 13 was taken to the overruling of a motion for a new trial, based upon the ground that the judgment was contrary to the law and the evidence. Notwithstanding the note of evidence taken on the trial of the case is attached to the bill, it presents nothing for our review. We have no authority nor jurisdiction to pass on the sufficiency of the evidence on the question of guilt or innocence. State v. Hebert, our No. 27442, 107 So. 123, 160 La. 316.
 

 For the reasons assigned, tLe conviction and sentence appealed from are affirmed.
 

 [1]
 

 100 La. 902.