HAWTHORNE, Justice.
 

 Relator, Lucien Pizzolotto, charged with the crime of simple battery, was tried and convicted and by the lower court sentenced to pay a fine of $50 arid costs and to serve 30 days in jail, the jail sentence to be suspended upon the payment of the fine' and all costs. From this conviction and sentence he applied to this court for writs, which were granted with a stay order, and the matter is now before us under our supervisory jurisdiction.
 

 During the trial of this case in the court below, six bills of exception were reserved.
 

 Bill of Exception No. 1.
 

 This bill was reserved to the overruling by the trial judge of a motion to quash the indictment. In this motion relator alleges that the indictment does not charge him with any crime under the criminal laws of this state, because said indictment omitted either the word “simple” or the word “aggravated” to qualify the word “battery” contained therein; that under the laws of Louisiana there ar.e two crimes of battery, namely, aggravated battery and simple battery, and that the indictment does not
 
 *647
 
 charge the defendant with either of these crimes but states merely that he “committed a battery upon one Ada T. Termini”.
 

 The indictment in this case is drawn in the exact language provided by Article 235 of the Code of Criminal Procedure, as amended, for the crime of simple battery. Article 235 provides a short form of indictment for specific offenses, and with reference to simple battery reads as follows: “Simple Battery — A. B. committed a battery upon C. D.”
 

 The indictment in this case as to the charge reads as follows: “That one Lucien Pizzolotto * * * committed a battery upon Ada T. Termini * * *.”
 

 With reference to an indictment for aggravated battery, Article 235 provides the following short- form: “Aggravated Battery — A. B. committed a battery with a dangerous weapon upon C. D.”
 

 Article 33 of Act of 1942 (the Louisiana Criminal Code) defines “battery” as follows:
 

 “Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.”
 

 Articles 34 and 35 define the crimes of “aggravated battery” and “simple battery” and provide penalties therefor. These articles read as follows:
 

 “Aggravated Battery- is a battery committed with a dangerous weapon.
 

 “Whoever commits an aggravated battery shall be imprisoned, with or without hard labor, for not more than ten years.”
 

 “Simple Battery is a battery, without the consent of the victim, committed without a dangerous weapon.
 

 “Whoever commits a simple battery shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both.”
 

 A reading of Articles 34 and 35 clearly shows that an aggravated battery is a battery committed with a dangerous weapon and that a simple battery is a battery committed without a dangerous weapon. Article 235 of the Code of Criminal Procedure recognizes this fact and provides for the use of the words “committed a battery with a dangerous weapon” when aggravated battery is charged.
 

 The indictment in this case charges the crime of simple battery in the exact language, provided by Article 235 of the Code of Criminal Procedure, and we find no merit in relator’s contention that the indictment is invalid for the reason that it omitted to use either of the qualifying words “simple” or “aggravated”, since in our opinion it is not necessary to include either of these words in charging simple or aggravated battery so long as the form prescribed by Article 235 is followed.
 

 l'n brief filed in this court, relator contends that the indictment does not inform him of the nature of the crime with which he is charged. In State v. Ward, 208 La. 56, 22 So.2d 740, 741, this court
 
 *649
 
 said that the test to determine the sufficiency of an indictment or information appears to be threefold, namely:
 

 ‘T. Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence sought to be introduced?
 

 “2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged ?
 

 “3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once, for the same offense ?”
 

 Battery is defined by the Criminal Code itself, and the indictment in this case, in charging in the short form of indictment as provided by Article 235 of the Code of Criminal Procedure that the accused had committed a battery upon one Ada T. Termini, is sufficient to inform the court of the offense charged so that it might properly regulate the evidence sought to be introduced, fully informs the accused of the nature and cause of the accusation against him, and is sufficient to support a plea of former jeopardy in the event an attempt is made to try the defendant more than once for the same offense, as the person upon whom the battery was committed and the date of its commission are set out therein.
 

 Bill of Exception No. 2.
 

 When the case was called for trial and before any evidence was introduced, relator objected to the introduction of any evidence whatsoever which would tend to establish either aggravated battery or simple battery, on the ground that such evidence would extend the allegations of the indictment. This objection was overruled by the trial judge, and Bill of Exception No. 2 was reserved.
 

 Since we have concluded that the bill of indictment in this case properly charged the crime of simple battery and is a valid charge for this crime, it follows that legal evidence to show the guilt or innocence of the accused as to this charge is admissible thereunder, and for this reason we see no merit in this bill.
 

 Bills of Exception Nos. 3 and 5.
 

 Mrs. Lucien Pizzolotto, wife of the accused, was called as a witness for the State, and during her examination was asked the following question by the State: “What did he [the accused] tell you before he left home?” Counsel for the defendant objected to the adducing of such testimony on the ground that it concerned a “confidential” conversation between husband and wife and was privileged under the law and consequently inadmissible. The court overruled the objection and permitted the witness to answer the question, whereupon Bill of Exception No. 3 was reserved.
 

 It is true that this bill does not show the witness’s answer to the question. However, the accused filed a motion for a new trial, to the overruling of which Bill of Exception No. 5 was reserved. This motion shows that, when the question above set out was propounded to the wife of the ac
 
 *651
 
 cused, she answered that he, the accused, ■ told her that he was going to “kill Miss Termini,” the prosecuting witness, upon whom the alleged battery was committed, and testified that he sought to have her, his wife, testify that Miss Termini had attacked him with a knife.
 

 The trial judge has not answered the rule to show cause issued by this court, nor has he written and signed a per curiam to any of the bills reserved. We are therefore unable to say on what grounds or for what reasons the objection made by counsel for the accused was overruled.
 

 Although defendant’s counsel uses the words “confidential conversation,” the bill indicates that he was objecting to the admission in evidence of a
 
 private
 
 conversation between husband and wife as being privileged under the provisions of Article 461 of the Code of Criminal Procedure.
 

 In this case, as in the case of State v. Webb, 156 La. 952, 101 So. 338, 341, there is nothing in the record to show that the conversation between the accused and his wife was not of a private nature, and the presumption is that no other person was present and that the conversation was private and therefore privileged. In the cited case this court said:
 

 “There is nothing in the record to showr that the testimony given by the wife was other than what it purports to be — a private conversation between husband and wife. If there were any other persons present at the time the statement is alleged to have been made by the husband to the wife,
 
 the record
 
 fails
 
 to show the
 
 fact. The presumption is that no other person was present, otherwise the state would have produced such third person.”
 

 Furthermore, the State does not contend in brief filed in this case that the conversation was not of a privatej nature ,or that any third person was present.
 

 Article 461 of the Code of Criminal Procedure reads as follows with reference to private conversations between husband and wife:
 

 “The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but;[:] First. Private conversations between husband and wife, shall be privileged. * * *”
 

 The answer of the witness to the effect that the accused told her that he was going to kill the prosecuting witness and her testimony to the effect that he had sought to have her testify falsely that Miss Termini had attacked him with a knife were highly prejudicial and clearly inadmissible, under the provisions of Article 461 of the Code of Criminal Procedure and the decisions of this court. State v. Webb, supra; State v. Sparacino, 164 La. 704, 114 So. 601. See also State v. Foster, 164 La. 813, 114 So. 696.
 

 In State v. Webb, the law in effect as to competent witnesses was Act 157 of 1916, which provided that “the competent witness in any proceeding, civil or criminal, in court, or before a person having authority to receive evidence, shall be a person of proper understanding, but: First. Private conversations between husband and wife
 
 *653
 
 shall be privileged.” 'In that case this court said:
 

 “Act 157 of 1916 declares that the competent witness in any proceeding, civil or criminal, shall be a person of proper understanding. Under the express terms of this statute the wife was made a competent witness for or against her husband; the exercise of the privilege being left entirely to her own inclination and discretion. The husband was powerless under the terms of the statute to prevent his wife from testifying against him on any matters not expressly prohibited by the law. But because of the competency of the wife as a witness, and because she chose to assume a hostile attitude towards her husband, and because her husband did not object to her being sworn as a witness, it does not follow that the wife could be permitted to give illegal, incompetent, and irrelevant testimony, even though such testimony was strictly in rebuttal and would have been otherwise admissible as impeaching testimony.
 

 “The statute we have referred to, which makes the husband and wife competent witnesses for or against each other at their option, in unmistakable language declares that private conversations between husband and wife shall be privileged. The statute makes no exception, modification, or reservation, but includes in its terms all private conversations had between husband and wife of whatever nature and character. Nor does the statute take into consideration the mental attitude of the spouse who offers to divulge, to the prejudice of the other spouse, private and confidential conversations had between them.
 

 “If the question as to whether a private conversation between husband and wife is or is not privileged is to be determined by their relations toward each other, then the prohibitive provision of the statute may as well be stricken out, for it becomes a dead letter. The one who wants to incriminate the other by reproducing their private conversations can always assume the required hostile frame of mind.”
 

 We are of the opinion that counsel’s objection should have been sustained, and that the ruling of the trial court permitting the witness, wife of the accused, so to testify constituted reversible error.
 

 In brief filed in this court the State takes the position that, since the bill of exception failed to disclose the answer of the witness, it is unnecessary for this court to pass upon the question of law presented therein, and, further, that the conversation was admissible as part of the res gestae. As pointed out hereinabove, the record discloses the answer of the witness in the accused’s motion for a new trial. Moreover, the record does not disclose whether the conversation was or was not a part of the res gestae, and it is therefore unnecessary to decide this point.
 

 Bill of Exception No. 4.
 

 Mrs. Josie Gendusa Hains, a witness for the State, was asked the following question: “What did Miss Termini tell you?” To this question counsel for the accused objected on the ground that said tes
 
 *655
 
 timony was hearsay and therefore inadmissible. Counsel’s objection was overruled, and this bill was reserved.
 

 Neither in this bill nor in any part of the record is the answer of the witness disclosed, and we are unable to determine whether it was prejudicial or not. This bill, having failed to disclose the answer of the witness, under our jurisprudence has no merit. State v. Lewis, 112 La. 872, 36 So. 788; State v. Le Blanc, 116 La. 822, 41 So. 105; State v. Munlin, 133 La. 60, 62 So. 351; State v. Stanley, 134 La. 131, 63 So. 850; State v. Vial, 153 La. 883, 96 So. 769; State v. Webb, 157 La. 858, 103 So. 191; State v. Thompson, 161 La. 296, 108 So. 543.
 

 Bill of Exception No. 6.
 

 This bill was reserved to the overruling of a motion in arrest of-judgment. It presents the same questions set forth in the motion to quash, which we’ have already answered.
 

 For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is remanded to the lower court for a new trial.
 

 FOURNET, J., concurs in the decree.