State vs. Taylor.

## No. 331.

### THE STATE OF LOUISIANA VS. G. W. TAYLOR.

44 967
47 1201
47.1206

It is sufficient for an indictment charging an attempt to bribe a witness in a criminal prosecution to be couched in the words of the statute denouncing it.

APPEAL from the Twelfth District Court, Parish of Grant.
Wear, J.

R. E. Milling and J. R. Land, District Attorneys, for the State, Appellee.

M. F. Matchen for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. Appealing from sentence and judgment of imprisonment in the penitentiary, upon conviction of the crime of attempting to bribe a witness in a criminal prosecution, the defendant relies upon three bills of exception.

### I.

The first was taken to the trial judge's refusal to quash the bill of indictment for an alleged insufficiency of averment.

The objection stated in the motion to quash is that the indictment is defective in that it does not set forth that the witness whom the accused attempted to bribe was either a *material* or *competent* witness in the matter of the prosecution of the charge named therein. The charge of the indictment complained of is that the accused attempted " to bribe a witness, to-wit: J. T. Collins, from appearing and testifying as a witness on behalf of the State, in a certain criminal cause depending before the court," etc.

The language employed is that of the statute (R. S., Sec. 880) and it is settled jurisprudence that that is sufficient—the crime charged being a statutory offence.

### II.

The next objection tendered is that the judge improperly rejected and disallowed certain testimony tending to impeach the evidence of a witness for the State. The record discloses a disparity of state-

ments on the part of the judge and counsel of the accused, in respect to whether a proper basis had been laid for the introduction of same—the former denying and the latter affirming that such basis had been established with sufficient certainty.

Following the authority of repeated decisions to that effect, we hold that the statement of the judge is of superior weight and more authoritative, and must control our decision; and, so holding, we must decide that the proffered testimony was properly rejected.

### III.

The third bill makes complaint of the circumstance that at a previous term of the District Court—nearly twelve months prior to the final trial of the cause—the prosecuting attorney insisting upon a trial, and defendant's counsel objecting, because the sheriff had made no return upon a summons which had been issued for the appearance of one of his witnesses, and that the judge ruled that his objection was not well taken. It can not be perceived what connection that matter has with the case, as it was finally tried. It is utterly frivolous.

There is no merit in the appeal.

Judgment affirmed.