The opinion of the court was delivered by
Breaux, J.
The defendant was convicted of larceny.
From the verdict and judgment he appeals, and urges as error that the prosecuting officer propounded to him, while he was testifying as a witness in his own behalf, the question:
*959 “ Have you ever been arrested for stealing?”
His grounds of objection were that he was compelled to answer, under the rulings of the trial judge, over his objections; that it tended to degrade his character.
That he had not put his character at issue.
That the records, if any, were the primary evidence of the facts sought to be proven.
In reference to the last objection the trial judge states, as part of the recital in the bill of exceptions taken by the defendant, that the defendant, as a witness, was not denied the privilege of explaining the circumstances of his arrest. Act 29 of 1886.
The defendant, in availing himself of the privilege of testifying in his own behalf, was subject to all the rules that apply to other witnesses. Act 29 of 1886.
The accused was not compelled to testify; the statute declares that the failure to testify shall not create any presumption against a defendant.
Having offered himself as a witness, and having testified, he was called upon to submit to the same tests which are legally applied to other witnesses.
The witness can decline to answer any question which may tend to charge him as criminal.
Moreover, the court has the power to protect him against unreasonable or oppressive cross-examination.
These modes of guarding against the abuse possible under the statute are not in question; it is not suggested that they were disregarded. The question complained of was propounded for the purpose of impairing the credibility of the witness.
The defendant appeared before the court in the dual capacity of an accused and that of a witness.
As an accused his character was not subject to attack unless he opened the question.
As a witness his position was different — his credibility was subject to attack. State of Louisiana vs. Walsh et al., 45 An.; State of Louisiana vs. Lee Taylor et al., 45 An.
The dividing line between the testimony admissible for the purpose of impeaching the credibility of a witness who testifies in his own behalf and that not admissible in his cross-examination, as it may tend to criminate him, is not always apparent.
*960 As a defendant his character could not be impeached, that issue not having been opened by him.
As. a witness it could be impeached, as the character of any witness may be subjected to that test.
In other words he may be unworthy of belief, but this unworthiness is not to be considered in determining whether or not he is guilty.
While the attack upon the character of an accused is for the purpose of establishing that his plea is not supported by his attempt at proving character and that he is guilty.
Much is left to the good judgment and discretion of the trial judge.
His discretion was properly exercised, for the testimony was admitted, on cross-examination, and we understand was afterward referred to as admissible for the purpose only of proving the incredibility of the witness.
Proof of Arrests by Defendant’s Testimony, Admissible.
The question propounded was competent in its character. It was not objectionable as proving a fact by secondary evidence, and the production of a record or warrant could not be required.
The mere arrests were provable by the testimony of the defendant on his cross-examination.
The question was admissible for the purpose, whether or no there was a record. The warrant could issue from a court not of record.
Parol evidence is admissible for the purpose of proving that a particular person has been in prison. Wharton Orim. E., p. 754.
It follows that the testimony of the defendant was admissible to prove that he had been arrested at different times.
The judgment should therefore be affirmed.
Judgment affirmed.