(34 South. 746.)

No. 14,839.

## STATE v. CASEY.

(June 22, 1903.)

CRIMINAL LAW—ACCUSED AS WITNESS—IM-
PEACHMENT.

1. The accused took the stand to testify as a witness in his own behalf. On cross-examination he was asked by the prosecuting attorney "How many times have you been in trouble?" which question and the answer thereto were objected to as attacking the character of the accused which had not been put in issue. The ruling of the trial judge was that while not admissible to impeach the character of the accused, the question and its answer were proper for the purpose of affecting the accused's veracity as a witness. Sustained.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

William Casey was convicted of larceny, and appeals. Affirmed.

Joseph D. Kiernan, for appellant. Walter Guion, Atty. Gen., J. Ward Gurley, Dist. Atty., and Samuel A. Montgomery, Asst. Dist. Atty., for the State.

BLANCHARD, J. Defendant, with another, was indicted for the larceny of 125 volumes of law books, valued at $810.00.

The other fellow pleaded guilty and was sentenced to one year at hard labor.

The accused denied his guilt, was tried by jury, convicted and sentenced to two years at hard labor.

It must now be for him a melancholy fact that among the books he stole were two volumes of Archibald's Criminal Practice and Pleadings and one volume of Wharton's Criminal Law—both treating learnedly of the crime he was committing, teaching its heniousness, and pointing out how hard indeed is the way of him who loses sight of the distinction the law draws between *meum et tuum*.

At the trial the accused took the stand in his own behalf.

After interrogation by his own counsel he was submitted to the prosecuting attorney for cross examination, and was asked this question:—

"How many times have you been in trouble?"

To which his counsel objected on the ground that it was an attempt on part of the State to prove the bad character of the witness; was an attack upon his character. It was urged that the defense not having put in issue his good character, it was not competent for the prosecution to seek to show he was a man of bad character.

The District Attorney thereupon stated that his purpose was not to impeach the character of *the accused,* but to affect the credibility of *the witness.*

The court ruled that since a good character for the accused had not been sought to be established by the defense, the State had no right to raise the issue of bad character; but that the question asked the witness was proper for the purpose of affecting the credit to be given to his testimony as a witness on the stand. And the judge then and there charged the jury the answer of the accused to the question was to be by them considered only in so far as it might affect his veracity as a witness—that and nothing else.

To this ruling a bill was taken on behalf of the accused, and this appeal is predicated on the same.

The ruling objected to is sustained by the decision of this Court in State v. Murphy, 45 La. Ann. 958, 13 South. 229.

Judgment affirmed.