(54 South. 1009.)

No. 18,707.

STATE v. WALDRON.

(April 24, 1911.)

*(Syllabus by the Court.)*

1. WITNESSES (§ 277*)—CROSS-EXAMINATION OF ACCUSED.

Where a defendant in a criminal prosecution tenders himself as a witness in his own behalf, he is subject to the same treatment as any other witness; and as a litigant, or defendant in a criminal prosecution, who tenders a witness, thereby in effect vouches for his credibility, and asks the court and the jury to accept him as a person to be believed, the opposing litigant, or the state, has the right to elicit further information about him than is conveyed by the mere name that he chooses to give, and may ask him such questions as: "Are you not an escaped convict?" "Are you not a fugitive from justice?" "Under what name did you register at the —— Hotel?" etc.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 979; Dec. Dig. § 277.*]

2. CRIMINAL LAW (§ 1153*)—REVIEW—CROSS-EXAMINATION OF WITNESS.

The trial courts may protect witnesses from unreasonable or oppressive cross-examination; but this court would be rather slow in interfering, in a matter of that kind, with the exercise of the discretion vested in these tribunals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3064; Dec. Dig. § 1153.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Rev. Dr. Waldron was convicted of crime, and appeals. Affirmed.

A. J. Murff, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (G. A. Gondran, of counsel), for the State.

On Motion to Dismiss Appeal.

MONROE, J. Defendant has appealed from a conviction of embezzlement and the sentence imposed therefor. The state moves to dismiss the appeal, on the grounds (1) that it was not taken within three days after the sentence had been pronounced; and (2) that no return day was fixed by the judge.

1. The sentence was pronounced on February 25, 1911, and the appeal was taken on March 1st, following. There was a Sunday intervening, and the case is one in which that day is to be excluded in computing the delay. Act No. 108 of 1898; State v. Boyle, 9 La. Ann. 371; State ex rel. Pharmaceutical Ass'n et al. v. Secretary of State, 52 La. Ann. 936, 27 South. 565.

2. By an amendment to the transcript, it appears that the judge did fix the return day, according to law, and the clerk omitted to make the entry on the minutes.

The motion to dismiss the appeal is therefore overruled.

On the Merits.

[1] Defendant, having taken the stand as a witness in his own behalf, was asked, "Are you not an escaped convict?" to which his counsel objected, on the grounds:

"(1) That it is not a proper method of testing the truth and veracity of the witness. (2) Because it calls for some particular crime, if any at all, unconnected with this, and a dissimilar crime. (3) It tends, indirectly, to bring the defendant's character before the jury in a light that would attack his character or reputation, which cannot be done until he puts his character at stake."

Other questions asked were:

"Under what name did you register at the hotel in Joplin, Missouri?"

"Are you not a fugitive from justice from Arkansas?"

"I will ask you if you are not a fugitive from justice from Phillips county, Arkansas?"

And the objections were the same in each instance, and were overruled. To the questions whether he was an escaped convict or a fugitive from justice the defendant answered, "No." To the question, "Under what name did you register at the hotel in Joplin, Missouri?" he replied, "J. C. Miller." We are of opinion that there is no error in the ruling complained of. The defendant had tendered himself as a witness, and was subject to the same treatment as any other witness; and where a litigant, or a defendant in a criminal prosecution, tenders a witness, thereby in effect vouching for his credibility, and asking the court and the jury to accept him as a person to be believed, the opposing litigant, or the state, has the right to elicit further information about him than is conveyed by the mere name that he chooses to give. State v. Taylor, 45 La. Ann. 605, 12 South. 927; State v. Murphy, 45 La. Ann. 959, 13 South. 229; State v. Casey, 110 La. 712, 34 South. 746; State v. Barrett, 117 La. 1086, 42 South. 513; State v. Caron, 118 La. 356, 357, 42 South. 960.

"Under most, if not all, of the modern statutes, the accused may become a witness if he so desires; but he is not obliged to, and, if he does, he is, in general, subject to cross-examination and impeachment, the same as any other witness, so long as his constitutional rights or privileges, not in some way expressly waived by him, are not impinged upon." Elliott on Evidence, vol. 4, p. 6, § 2705.

It is admissible to ask a witness whether he has not been in the penitentiary. Real v. People, 42 N. Y. 270; Wharton, Cr. Ev. §§ 474, 488. Where the inquiry is whether he has been convicted, and, if so, of what, a different rule may, perhaps, apply, and the production of the record may be required, as such an inquiry involves questions as to the jurisdiction and proceedings of the court, which the witness may not be competent to answer. Even in such case, however, where the defendant himself becomes a witness, Judge Cooley speaking for the Michigan court, has said:

"We think the reasons for requiring the record evidence of a conviction have very little application to a case where the party convicted is himself upon the stand, and is questioned concerning it, with a view to sifting his character, upon cross-examination. The danger that he will falsely testify to a conviction which never took place, or that he may be mistaken about it, is so slight that it may almost be looked upon as purely imaginary; while the danger that worthless characters will, unexpectedly, be placed upon the stand, with no opportunity for the opposite side to produce the record evidence of their infamy, is always palpable and imminent." Knobloch's Cr. Dig. p. 424, note; Clemens v. Conrad, 19 Mich. 170.

[2] The trial court may protect a witness from unreasonable or oppressive cross-examination; but this court would be rather slow in interfering, in a matter of that kind, with the exercise of the discretion vested in those tribunals, and finds no occasion to do so in this case.

Judgment affirmed.