CRIMINAL LAW (§ 1166*)—HARMLESS ERROR—SERVICE OF JURY LIST.

The fact that the jury list served upon the accused, though entirely correct as to the names of the jurors, bore an erroneous date, not being shown to have operated to the prejudice of the accused, is an insufficient ground upon which to set aside a conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3100–3102, 3107–3113; Dec. Dig. § 1166.*]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Minerva Lemon was convicted of cutting and stabbing with intent to murder, and of willfully and maliciously inflicting a wound less than mayhem, and appeals. Affirmed.

William M. Wallace, of Winnfield, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, J. Defendant, having been convicted of cutting and stabbing, with intent to commit murder, and of willfully and maliciously inflicting a wound less than mayhem, presents her case on a bill of exception to the overruling of her objection to going to trial on January 26, 1914, which objection was based upon the ground that no copy of the list of persons drawn to serve during the week beginning on that date was served on her, but that, in lieu thereof, there was serv-ed upon her "a jury list drawn to serve January 19, 1914, the week previous."

The statement per curiam, attached to the bill, is that no jury was drawn or ordered for the week beginning January 19th; that the trial of the accused was fixed for Monday, January 26th, the same week for which the jury was drawn to serve; and that accused was served with a copy of the original list of jurors drawn to serve for that week, but that, by error, the copy served upon her bore date January 19th.

It is evident that the accused was not prejudiced by the error. State v. Ward, 14 La. Ann. 674; State v. Rector, 35 La. Ann. 1098.

Judgment affirmed.

---

(64 South. 971)

No. 20,353.

STATE v. GRIFFIN.

(April 13, 1914.)

*(Syllabus by Editorial Staff.)*

1. TIME (§ 10*)—APPEAL—MOTION—STATUTES—SUNDAY.

Under Rev. St. § 1034, as amended by Act No. 141 of 1888, requiring the clerks of the district courts in which judgments of forfeiture of appearance bonds in criminal cases have been rendered to issue notice thereof, and on the service and return thereof to issue, after the usual delay, execution thereon, a motion for appeal, made on the fourth day after service of notice of entry of judgment of forfeiture of an appearance bond, is in time where a Sunday, which cannot be counted in computing the time for appeal, intervened.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. § 10.*]

2. BAIL (§ 55*) — CRIMINAL PROSECUTIONS — BOND — REQUISITES AND VALIDITY — JUDGMENT OF FORFEITURE.

A judgment of forfeiture of an appearance bond in a criminal case must be set aside where there was no order authorizing the bond to be taken, or fixing the amount thereof.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 213–224, 228–238, 246–253; Dec. Dig. § 55.*]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupée; Joseph E. Le Blanc, Jr., Judge.

Action by the State against Jos. Griffin. From a judgment of forfeiture of an appearance bond in a criminal case, defendant appeals. Judgment annulled.

Ferdinand C. Claiborne and Louis B. Claiborne, both of New Roads, for Surety on Appearance Bond. R. G. Pleasant, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. This is an appeal from a judgment of forfeiture of an appearance bond in a criminal case. It is taken by the surety. The state moves to dismiss it, on the ground that the motion for obtaining it was not made within three days from the rendition of the judgment:

[1] Act 141, p. 197, of 1888, amending section 1034 of Revised Statutes provides:

"It shall be the duty of the clerks of the several district courts before which such judgments have been rendered to issue notice of such judgment to the parties concerned, as in ordinary civil cases, and on the service and return thereof, after the usual delay, to issue execution on all such judgments, which it is made the duty of the sheriffs of each of said courts, throughout the state, to execute without delay."

The judgment was rendered on December 1st. Notice of it issued on December 3d. Service of this notice was made on appellant on December 11th. The motion for appeal was made on December 15th. This was on the fourth day after service of notice; but a Sunday intervened, and Sundays do not count in computing the delay for appeal (State v. Waldron, 128 La. 559, 54 South. 1009, 34 L. R. A. [N. S.] 809), so that the motion was timely made.

[2] As there was no order authorizing the bond to be taken, or fixing the amount thereof, the judgment must be set aside. The decisions to that effect are so numerous that no citation of them was deemed necessary in the two recent cases of State v. Edimar, 133 La. 1020, 1021, 63 South. 504, where similar judgments of forfeiture of criminal bonds were set aside on this same ground.

The judgment appealed from is therefore annulled.

O'NIELL, J., takes no part.