(67 South. 349)

No. 21007.

STATE v. BARNES.

(Jan. 25, 1915.)

*(Syllabus by the Court.)*

WITNESSES ☞350 — CROSS-EXAMINATION — EXTENT.

When, for the purpose of establishing the credibility of a state witness who is a stranger in the community, the district attorney has examined him with regard to his reasons for leaving another state, the defendant's counsel has the right, on cross-examination, to ask the witness whether there is a charge of murder pending against him in the state whence he came.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1140–1149; Dec. Dig. ☞350.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Gus Barnes was convicted of retailing intoxicating liquors without a license, and appeals. Reversed and remanded for new trial.

Murff & Roberts, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen. (Wm. A. Mabry, Dist. Atty., of Shreveport, and G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant was convicted of retailing intoxicating liquor without a license, and was sentenced to pay a fine of $500, and be imprisoned five months, and, in default of the payment of the fine, to serve an additional term of six months in the par-

ish prison, and to be worked on the public works of the parish.

The first bill of exceptions recites that the state witness Will Lloyd, the only witness who testified that he saw the defendant sell the intoxicating drink, was questioned by the district attorney about the various persons for whom he had worked in Mississippi, and, on cross-examination, the defendant's counsel asked the witness, in order to show his unworthiness of belief and want of credibility, the following question, viz.:

"Are you not charged with murder in Mississippi, and did you not leave Mississippi on that account and come to the state of Louisiana?"

The district attorney objected to the question and to the answer to be elicited, on the ground that it was irrelevant.

The trial judge, in his statement per curiam, says that the witness was asked whether he was charged with murder in the state of Mississippi, and the court sustained the objection to the question, on the ground that a charge or an indictment would not create a presumption of guilt; but the trial judge says that he does not remember that the witness was asked about leaving Mississippi on account of being charged with murder.

As the statement of what occurred was not taken down by the clerk, as provided in the Act No. 113 of 1896, we must accept the statement or recollection of the trial judge of the question that was asked the witness. He says he would have permitted the defendant's attorney to ask the witness whether he had left Mississippi on account of being charged with murder, because the state had proven by the witness that he came from Mississippi to Louisiana to look for work in his special line, and evidence that he had left Mississippi for another reason would have been admissible to rebut the testimony given by him in his examination in chief.

Under the circumstances related above, evidence that the witness was under a charge of murder in Mississippi was admissible for the purpose of contradicting his statement that he had come from Mississippi to Louisiana for some other reason. The evidence might not have been as effective as would have been his admission that he left Mississippi because a charge of murder was pending against him; but the sufficiency of the evidence must not be confused with its admissibility.

The second bill of exceptions was reserved to the judge's ruling, sustaining the same objection made by the district attorney to the following question propounded to the same witness on cross-examination, viz.:

"Have you not been guilty of carrying concealed weapons since you have been in the parish of Caddo?"

And the third bill of exceptions was reserved to the ruling of the trial judge sustaining a similar objection made by the district attorney to the following question propounded to the same witness on cross-examination, viz.:

"Did you not assault a man about two months ago in the city of Shreveport with a pistol and attempt to shoot him in the house of Carrie Davis, and were you not prevented from doing so by bystanders?"

These questions were not objected to on the ground that they might compel the witness to incriminate himself.

In the case of State v. Waldron, 128 La. 559, 54 South. 1009, 34 L. R. A. (N. S.) 809, it was said:

"Where a defendant in a criminal prosecution tenders himself as a witness in his own behalf, he is subject to the same treatment as any other witness; and, as a litigant or defendant in a criminal prosecution who tenders a witness thereby, in effect, vouches for his credibility, and asks the court and the jury to accept him as a person to be believed, the opposing litigant, or the state, has the right to elicit further information about him than is conveyed by the mere name that he chooses to give, and may ask him such questions as: 'Are you not an escaped convict?' 'Are you not a fugitive from justice?' 'Under what name did you register at the ―――― Hotel?'" etc.

There is no good reason why the foregoing rule should not apply to the principal witness for the prosecution, especially one who is a stranger, and of whose worthiness or unworthiness of belief the court or jury may be entirely ignorant.

The syllabus in State v. Casey, 110 La. 712, 34 South. 746, is as follows:

"The accused took the stand to testify as a witness in his own behalf. On cross-examination he was asked by the prosecuting attorney: 'How many times have you been in trouble?' Which question and the answer thereto were objected to as attacking the character of the accused; which had not been put at issue. The ruling of the trial judge was that, while not admissible to impeach the character of the accused, the question and its answer were proper for the purpose of affecting his veracity as a witness."

In State v. Callian, 109 La. 346, 33 South. 363, it was said:

"A defendant in a criminal prosecution, who becomes a witness in his own behalf, may be asked on cross-examination, with a view of testing his credibility, how many times he has been before the court."

In State v. Southern et al., 48 La. Ann. 629, 19 South. 668, it was said:

"It is competent to ask the defendant, who is a witness in his own behalf, if he is charged with other offenses, and whether there are other bills pending against him. The inquiry into a witness' credibility is always permitted."

We have no reason to doubt that the defendant's counsel were in good faith in asking the questions which they put to the state's witness Will Lloyd, on cross-examination. Their manifest purpose was to show that the witness was a refugee from justice and a thoroughly disreputable character, unworthy of belief. It cannot be assumed that the defendant would have been convicted on the testimony of a witness such as the defendant sought to prove the state's only so-called eye witness to be.

The verdict and sentence appealed from are annulled and set aside, and the case is remanded to the district court for a new trial.