(69 South. 494)

No. 21304.

STATE v. POSEY.

(June 28, 1915.)

*(Syllabus by the Court.)*

**1. JURY ☞133—ACCEPTANCE OF JUROR—DISCRETION.**

It is not reversible error for the trial judge in a criminal case to refuse to require the prosecuting officer to determine, finally, whether he accepts a juror, examined on his voir dire, before turning him over to defendant's counsel, when the latter is allowed a re-examination, after the re-examination of the prosecuting officer. There is no law regulating the matter, and it is therefore within the discretion of the judge, or the rules of his court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 586–598; Dec. Dig. ☞133.]

**2. CRIMINAL LAW ☞730 — WITNESSES ☞277, 337 — EXAMINATION OF ACCUSED — GROUND FOR REVERSAL.**

A conviction in a criminal case will not be set aside because the defendant, having taken the stand as a witness in his own behalf, was asked, on cross-examination, "if he had not killed a man in Arkansas," and "how many men he had killed before," when the questions are excluded, on objection of defendant's counsel, the prosecuting officer reprimanded for asking them, and the jury instructed to consider them not asked. A defendant in a criminal case, who takes the stand as a witness, is subject to cross-examination as any other witness; and, though the particular form of the questions asked in this instance may have been objectionable, it was competent, for the purpose of impugning the credibility of the defendant, to show that he had been convicted of, or prosecuted for, offenses other than that for which he was being tried.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. ☞730; Witnesses, Cent. Dig. §§ 925, 979–983, 1113, 1129–1132, 1140–1142, 1146–1148; Dec. Dig. ☞277, 337.]

**3. CRIMINAL LAW ☞1120—EVIDENCE IN REBUTTAL — CONCLUSIVENESS OF RULING — PRESENTATION FOR REVIEW.**

The ruling of the trial judge, in a criminal case, that evidence offered in rebuttal is properly rebutting evidence, is conclusive in this court when the evidence offered for the defense is not brought up with the bill of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. ☞1120.]

**4. CRIMINAL LAW ☞1119 — PRESENTATION FOR REVIEW—ARGUMENT OF COUNSEL.**

A conviction in a prosecution for manslaughter will not be set aside because of inferences drawn by the prosecuting officer, in his argument before the jury, to the effect that a pistol, found on the person of the deceased, was put there by the friends of the accused, where the bill of exception does not state the ground of objection and the statement per curiam is that the prosecuting officer did not go beyond the record nor clearly beyond what was a legitimate discussion of the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2927–2930; Dec. Dig. ☞1119.]

**5. HOMICIDE ☞174—EVIDENCE—STATEMENTS OF ACCUSED.**

Statements concerning a homicide, afterward made by the person prosecuted therefor, are admissible against him whether in chief or in rebuttal.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 359–371; Dec. Dig. ☞174.]

**6. CRIMINAL LAW ☞940, 941—NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.**

A conviction of manslaughter will not be set aside because of the refusal of the trial judge to grant a new trial on the ground of newly discovered evidence as to a collateral fact, having no material bearing upon the guilt or innocence of the defendant, or on the ground of the failure of the defendant to offer the testimony of his child, a boy five years of age, whom he knew to have been present at the killing and to have been in and out of the courtroom during the trial, and whose testimony would have been cumulative, in the extreme and adverse sense, that it would have been additional to the same point, but less credible than that given by other witnesses, by reason of the boy's tender age and his relationship to defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2324–2330; Dec. Dig. ☞940, 941.]

Appeal from Third Judicial District Court, Parish of Bienville; William C. Barnette, Judge.

D. H. Posey was convicted of killing and slaying, and appeals. Affirmed.

Goff & Barnette and Reynolds & Williams, all of Arcadia, and Lynn K. Watkins, of Minden, for appellant. R. G. Pleasant, Atty. Gen., T. T. Land, Dist. Atty., of Homer, and Wimberly, Reeves & Dormon, of Shreveport (Daniel Wendling, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant was convicted of killing and slaying, and sentenced to imprisonment at hard labor, and he prosecutes this appeal.

[1] 1. He reserved bill No. 1 to the refusal of the court to require the prosecuting officer to determine, finally, whether he accepted a juror, examined on his voir dire, before passing him over to defendant's counsel for examination. There is no law regulating the matter, and defendant's counsel were afforded full opportunity to re-examine the juror. The ruling affords no just cause of complaint. Marr's Cr. Jur. of La. p. 536.

[2] 2. Bill No. 2 was reserved to counsel for the state asking defendant, on cross-examination, "if he had not killed a man, in Arkansas," and "how many men he had killed before," which questions were objected to, and the objection was sustained, the counsel reprimanded for asking them, and the jury instructed that, "where a question was asked, and ruled out, it would be considered as not asked." Neither the purpose of the questions nor the ground of the objection appears in the record. The particular form of the questions may have been objectionable; but, in view of the action taken by the trial judge, and of the fact that evidence of the commission of other offenses is admissible as affecting the credibility of a defendant who becomes a witness in his own behalf, we are of opinion that the complaint under consideration is not well founded. State v. Barrett, 117 La. 1086, 42 South. 513; State v. Waldron, 128 La. 559, 54 South.

1009, 34 L. R. A. (N. S.) 809; State v. Manuel, 133 La. 571, 63 South. 174; 40 Cyc. p. 2607.

[3] 3. J. W. Boddie, called by the state, in rebuttal, was asked:

"To narrate what the deceased had told him about a previous difficulty with the accused, which was objected to by the counsel for defendant, for the reason that it was not rebuttal, and an effort to prove threats made by the defendant, and, also, for the reason that it was hearsay."

Which objection was overruled, on the ground, as stated per curiam, that the testimony, so far as objected to, was in rebuttal of testimony which had been given by another witness (for defendant, as we infer), as to a conversation in which threats were made by the deceased; that, later in the examination, it developed that the witness (Boddie) had detailed some statements which had not been made in the presence of the other witness; and that the matter might have been corrected at the time, if any request to that effect had been made, but that none was made; and that he (the judge) did not consider the statement in question materially affected the case, the testimony which was properly in rebuttal having been "more damaging." Upon the whole, and as we are not informed as to the testimony given by the witness, we discover no reversible error in the ruling here complained of.

[4-6] 4. It was objected that the district attorney, in his closing argument, said:

"It would have been far better if the pistol had not been found in the deceased's pocket," and made a remark to the effect that his friends "had put it there; and, when Mr. Reynolds, counsel for the defense, arose to object, the district attorney insisted that he had a right to argue the case as he viewed it; whereupon, the counsel for the defendant reserved a bill of exception."

The bill does not state the ground of objection, or that any ruling of the court was invoked or made. The judge states that he was not of opinion that the district attorney

"went beyond the record, nor clearly beyond what was a legitimate discussion of the case." There is therefore no error disclosed.

5. Bill 5 shows an objection to testimony given by W. L. Bullard, called in rebuttal, as to a statement made by defendant, several days after the killing, "about aiming at the button on deceased's coat, and saying, 'I bet I didn't miss it a quarter of an inch,'" and stated he "shot him a second time because he didn't get away fast enough"; the ground of objection being that:

The testimony "was hearsay, and not in rebuttal, and an effort to prove malice and premeditation on the part of the accused, and highly prejudicial to him, and not made an issue in the case, under an indictment for manslaughter, and not gone into in the evidence in chief, and, if for impeachment, that it was on a point irrelevant and immaterial in the case."

The judge states that the testimony was in rebuttal of testimony given by defendant and defendant's witnesses, which is conclusive in this court, as the testimony last above mentioned is not before us; the actions and conduct of the accused, after the homicide, being admissible in evidence against him.

Defendant moved for a new trial, on the grounds that the various rulings, complained of in the bills of exception heretofore considered, were erroneous, and, on the further grounds: That, since the trial, he had learned that W. D. Bowman, of Bienville parish, had known deceased for 20 years, and had seen him in possession of a 38-caliber pistol, a short time before his death; that he understood him to say that it was a Smith & Wesson; that he pushed it up, part of the way out of his pocket, enough to show the handle and cylinder of a blue steel pistol, like the one deceased had in his pocket when he was killed"; that he is informed and believes that he can prove by other witnesses (who are named) that deceased had cartridges in his pocket, for the pistol referred to; that his (defendant's) little son, Stanley, was sitting in full view of the killing, but, being small and of tender age, defendant's "counsel did not consider him as a witness in the case, thinking that there were eyewitnesses to the difficulty, but he verily believes his little son is old enough and competent to be a witness, * * * and, on the motion for new trial, insists that the court hear his evidence and test his credibility"; that no one has had the opportunity of drilling him; that great prejudice was worked up against defendant by outside agitation; and that he did not get a fair trial on account of the public sentiment.

An affidavit by W. D. Bowman is attached to the motion and contains a statement in accordance with the one therein made as to his probable testimony.

The testimony of the little boy was taken on the hearing of the motion. He proved to be about five years of age, and it was admitted that defendant's counsel knew of his position at the time of the homicide and knew that he was in and about the courtroom during the trial.

In his reasons for refusing the new trial, the judge says:

"On the last question raised, as to newly discovered evidence, this feature would be serious and would possibly be ground for a new trial, if there had been any evidence before the jury to the effect that this pistol was placed on the deceased by friends of the defendant. There was no evidence to this effect. The only evidence touching the pistol at all was the question asked Mr. Roach, one witness for the state, if he knew the weapons of Mr. Hensey, the deceased, to which he stated that Mr. Hensey boarded at his house, that he knew the large pistol, that, so far as he knew, he did not own any other pistol, and that he had never seen him with any other pistol, * * * it was manifestly apparent that he might have owned the small pistol, and Mr. Roach might not have known, although the witness, Mr. Roach, was very eager and anxious to show that he did not own any other, but, as a matter of common sense, we all know that Mr. Roach could not have known this fact, and I think this, alone, would not be sufficient to predicate a new trial upon."

Concerning the testimony of the child, the trial judge concedes, for the sake of the argument, that the little fellow would be a competent witness ("which" he says "is very doubtful"), but holds that his testimony would have been cumulative, and hence that the failure of defendant to obtain it on the trial was not a good ground for granting a new trial. The judge further states that there was no application for change of venue; that defendant was not obliged to accept any juror who was objectionable to him; that, "so far as the court knows, the jury was an intelligent jury, fairly so, at least; and that it was without interest in the trial, from any standpoint."

We find no error in these rulings. The proposed testimony of Bowman related to a collateral fact, which, so far as appears, had no material bearing upon the question of the guilt or innocence of the accused, since it is not suggested that deceased made any demonstration with a pistol, or that the accused was aware, or had reason to believe, that he had one (conceding that to have been the fact). The proposed testimony of the little boy was not newly discovered. It was cumulative, in a proper, or rather in an extreme, sense; that is to say, it was additional evidence, to the same point, but less credible than that given by other witnesses, by reason of the tender age of the boy and his relationship to defendant. The trial judge found him intelligent, and no doubt he was, for his age; nevertheless he stated, upon his examination, that his father shot the deceased "eleven times," with an "air gun," which indicates that, like children of his age, in general, he was unable to distinguish, for the purposes of his testimony, between things of reality and creations of his imagination.

A motion in arrest of judgment was filed, but no grounds for its maintenance are alleged.

Judgment affirmed.