(72 South. 995)

No. 22057.

STATE v. GUILLORY et al.

(Nov. 13, 1916.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⚖➡1170½(5) — HARMLESS ERROR—CROSS-EXAMINATION.

Asking, on cross-examination, defendant's witness, whether two witnesses, who had testified differently from her, were mistaken, even if improper, was harmless; the contradiction between her and their testimony being so patent that it could not escape the jury's attention.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3133; Dec. Dig. ⚖➡1170½ (5).]

2. WITNESSES ⚖➡269(2) — CROSS-EXAMINATION—ALIBI.

A witness examined to establish alibi may be cross-examined as to other collateral facts and circumstances incidental to that question, though not dealt with in the examination in chief.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 950, 954; Dec. Dig. ⚖➡269(2).]

3. CRIMINAL LAW ⚖➡683(4) — REBUTTAL — ALIBI.

The state is not bound to anticipate the defense of alibi, but may await and then rebut it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 615; Dec. Dig. ⚖➡683(4).]

4. CRIMINAL LAW ⚖➡683(4) — REBUTTAL — ALIBI.

That evidence to meet the defense of alibi is cumulative of that in chief does not prevent it being properly rebuttal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 615; Dec. Dig. ⚖➡683(4).]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Euzebe Guillory and others were convicted, and appeal. Affirmed.

Philip S. Pugh, of Crowley, for appellants. A. V. Coco, Atty. Gen., and C. B. De Bellevue, Dist. Atty., of Crowley (Vernon A. Coco, of Marksville, of counsel), for the State.

PROVOSTY, J. The three accused, colored men, were convicted of shooting with intent to murder.

[1] One of their witnesses, a colored wo-man, was asked, on cross-examination, whether two white witnesses named, who had testified differently from her as to a certain fact, were mistaken. The question was objected to on the ground that the drawing of conclusions was for the jury and not for the witness, and that the question was unfair, it being of a nature to prejudice the case, in view of the fact that the witness and accused were colored, and the trial before a white jury. The objection was overruled, and the answer was in the affirmative.

While the question was perhaps improper, we do not see what prejudice can have resulted to the accused from it. The sole possible effect of the question was to call attention to the contradiction, and this contradiction was a fact so patent that it could not possibly escape the attention of the jury. In the absence of possible injury, there is no ground for reversal.

[2] The defense was an alibi. The shooting occurred between 9 and 10 at night. This same witness testified that the accused came to her house between 7 and 8 o'clock and stayed until 12 or 1. She was asked, on cross-examination:

"What hour did they leave the house that day?"

Objection was made to the question on the ground that:

"The district attorney could not go outside of the scope of the examination in chief; that the witness had not been asked a single question in chief as to the time the accused left the house, the sole question propounded about the hour being as to the time they came to the house where they all lived and what they did after they reached there."

When the examination in chief of the witness is to establish an alibi, the state may cross-examine him as to other collateral facts and circumstances incidental to that question, though these particular facts and circumstances had not been dealt with in the examination in chief. Marr's Crim. Jur. 739.

[3, 4] After the defense had thus sought

to establish an alibi, the state offered evidence to rebut the alibi, and this evidence was objected to on the ground that it might have been offered in chief, and therefore was not rebuttal. The state was not bound to anticipate, but could await the setting up of the alibi, and then rebut it. From the fact that rebuttal evidence happens to be cumulative of that in chief, it does not follow that it is not properly rebuttal. Marr's Crim. Jur. 745; State v. Fourchy, 51 La. Ann. 228, 25 South. 109; State v. Carter, 51 La. Ann. 442, 25 South. 385.

Judgment affirmed.

SOMMERVILLE, J., takes no part.