LAND, J.
The defendant was indicted for the burglary of a storehouse, was found guilty as charged, and was sentenced to the penitentiary.
Defendant has appealed, and relies for reversal on the several bills of exception in the record.
[4] Bills 1 and 2 merely state that the defendant objected to a certain question propounded to witnesses by the district attorney, but does not set forth the grounds of objection! or the reasons of the judge.
“But a bill which contains neither the grounds of objection nor the reasons for overruling them is defective, and not entitled to notice.” Marr’s Crim. Jur. La. p. 851.
[3] Bill 3 recites:
“That on the trial of this case, while the character of the defendant was not put at issue, the district attorney asked the accused on cross-examination ‘if he had not been accused of stealing many times before,’ to which line of questions counsel for accused objected, which objections were overruled by the court for the reasons, viz. to test credibility.”
It has been held that, when a defendant offers himself as a witness, he may 'be asked on cross-examination whether he has not been prosecuted before for other offenses. State v. Barrett, 117 La. 1089, 42 South. 513. See, also, State v. Waldron, 128 La. 559, 54 South. 1009, 34 L. R. A. (N. S.) 809; also State v. Quinn, 131 La. 490, 59 South. 913, where the Louisiana cases are cited.
In State v. Waldron, supra, it was held that it was permissible to ask the accused the following questions:
“Are you not an escaped convict?”
“Are you not a fugitive from justice?”
“Under what name did you register at the * * * Hotel?” etc.
A prior conviction or prosecution necessarily implies an accusation pursuant to law, and if it be permissible to prove the fact of prosecution, there is no good reason in law or logic for excluding proof of the fact of accusation.
Defendant’s objection was general, and it suffices if the question was permissible under any legal view of the situation.
[1, 2] The fourth bill was reserved to that part of the charge of the judge to the jury reading as follows:
“That where an accomplice described the breaking and entering a house, and it was found broken and entered as he, the accomplice, described, it would be a corroboration”
—to which counsel for the accused objected. The court instructed the jury that:
“This is simply an isolated statement.”
The bill then recites:
“I charged the jury fully as to what constituted corroboration, and further that, while testimony uncorroborated of an accomplice should be weighed with great caution and care, if it satisfied the jury beyond a reasonable doubt, they were authorized to base a verdict of guilty thereon.”
The bill, continuing, recites that reliable witnesses corroborated the eodefendant by testimony, as the joint action of the two defendants in procuring a motorcar and gasoline for the purpose of carrying away the *581 goods taken from the burglarized store house.
The “isolated statement” of the judge was erroneous and misleading, and the bill does not show that it was retracted and withdrawn before the jury.
The fact that the house was found br.oken and entered does not connect the defendant with the burglary, and therefore is no corroboration of the testimony of the accomplice.
In State v. Hopper, 114 La. 561, 38 South. 452, this court said:
“As a matter of course the point on which the testimony of the accomplice needs corroboration is that of connection of the prisoner with the crime [citing authorities], and the charge ought to make that very dear to the jury; otherwise it does more harm than good, since it is hardly conceivable that the story of an accomplice should not be corroborated on the other main facts, and such charge might lead the jury to attach to this corroboration of undisputed facts an importance it does not deserve.”
For this error of the judge, we are of opinion that the verdict and sentence must be reversed.
[5] Bills 5 and 6 relating to defendant’s motion for a new trial and in arrest present nothing for review, because they merely state that said motions were overruled by the court for certain reasons, and no documents, not even the motions themselves, were made parts of the bills.
It is therefore ordered that the verdict and sentence herein be set aside, and this case be remanded for a new trial according to law.