LAND, J.
Defendant is charged with striking and thrusting with a dangerous weapon, with intent to kill and murder. He was tijed by jury, found guilty as. charged, and sentenced to the state penitentiary for not less than 16 nor more than 20 years. He has appealed from fhe conviction and sentence against him, and relies for reversal of same upon six bills of exceptions.
.Bill of Exceptions No. 1.
The witness Blewitt Clark was tendered by the state to prove that the accused had tried to induce him not to testify against him, and that the accused had offered this witness money.
The conversation in which these matters arose took place between the witness and accused in jail, and in the presence of the wife and mother of the accused. This testimony of Clark was objected to by counsel for defendant on the ground that the witness was not qualified, as he did not recpllect the substance of the conversation.
If more was uttered on the same subject, it was the duty of defendant’s counsel to have introduced the other witnesses and proven that fact. Moreover, the defendant himself was a competent witness, and could have supplied any omission in this conversation by taking the witness stand in his own behalf. The testimony of a state witness should not he excluded upon the ground that he did not hear or could not repeat all of a conversation. State v. Spillers, 105 La. 163, 29 South. 480; State v. McCollum, 135 La. 438, 65 South. 600; State v. Oliver, 43 La. Ann. 1003, 10 South. 201.
The ruling was correct.
Bill of Exceptions No. 2.
The defendant attempted to impeach the testimony of a state witness, without .proof that the impeaching witness knew the general reputation for truth and veracity of the witness for the state.
After the impeaching witness had testified that he had known the state witness for many years, counsel for defendant propounded to the impeaching witness the following question;
*157 “From what you know of him, would you believe him on oath in a matter where he was interested?”
This question was objected to by the district attorney on the ground that the impeaching witness was not qualified, and that it was an improper way to impeach the testimony of the state’s witness.
What is called for in such cases is the opinion of the community, and not of the witness. It is elementary that the individual opinion of the impeaching witness is not admissible, either as a basis for his estimate of the truth and veracity of the witness sought to be discredited, nor as proof of the general reputation along this line of the witness whose credibility is attacked.
We find no error in the court’s ruling.
Bill of Exceptions No. 3.
The mother of accused, a defense witness, was asked by the district attorney, on cross-examination, if she had not appeared in several cases in which defendant had been indicted and tried, and if she had not testified to an alibi in each ease. The prosecuting officer read the number and title of each of these cases to the witness, and also the specific charge in each case. Counsel for defendant objected to these questions on the ground that it was not an attack upon the credibility of the witness, but that the inain purpose was to place before the jury the fact that the accused had been tried numerous times before the court, and was an, attempt to attack his character, he having not taken the witness stand at that time.
This testimony was admitted by the court for the purpose of showing that the mother of the accused had been a professional alibi witness for him in every case in which he had been indicted and tried.
The state offered this testimony for the sole purpose of affecting the credibility of the witness, and not as affecting the character of the defendant, and the trial judge specially instructed the jury to consider it for this and no other purpose. In the per curiam to this bill the court says :
“The witness, his mother, was an alibi witness for Foster in five different cases; her testimony always being that Leo Foster was at home when the alleged crime took place.”
The testimony was clearly admissible for the purpose for which it was elicited by the prosecuting officer.
Bill of Exceptions No. 4.
The accused took the witness stand in his own behalf, and on cross-examination he was interrogated by the district attorney as to the various charges of which he had been convicted. Objection was made by counsel for defendant to these questions on the ground that they were an attack, not upon the credibility of the defendant as a witness, but upon his character. Defendant may be' questioned on cross-examination, like any other witness, as to the commission of other offenses whether felonies or misdemeanors, for the purpose of impeaching his credibility.
Defendant may be asked if he has ever been arrested, or if he is charged with another offense at this time, and if other bills are pending against him. .State v. Joseph, 137 La. 53, 68 South. 211 ; State v. Manuel, 133 La. 571, 63 South. 174 ; State v. Southern, 48 La. Ann. 628, 19 South. 668 ; State v. Accardo, 129 La. 666, 56 South. 631 ; State v. Quinn, 131 La. 490, 59 South. 913 ; State v. Waldron, 128 La. 559, 54 South. 1009, 34 L. R. A. (N. S.) 809 ; State v. Barnes, 136 La. 512, 67 South. 349 ; State v. Posey, 137 La. 871, 69 South. 494 ; State v. Hughes, 141 La. 578, 75 South. 416 ; State v. Werner et al., 144 La. 380, 80 South. 596, 6 A. L. R. 1601.
The objection to this, testimony was properly overruled.
Bill of Exceptions No. 5.
The sheriff was called as a witness by defendant’s counsel, and was asked the *159 question if, at any time while the accused was in jail, Precious Bolton, the daughter of Mrs. Holmes, a' state witness, had appealed in his office, and desired to cause the arrest of defendant for shooting into her mother’s house.
This question was objected to by the district attorney as irrelevant and immaterial, Precious Bolton not having testified in the case. The state’s objection was sustained by the court for the reason that “one cannot attack a witness who never takes the stand, and is not even present in court.”
In the bill of exceptions in this case, counsel for defendant declares that he called the sheriff as a witness to give testimony to show the bias and prejudice of the ¿witness Mrs. Holmes,'who had testified as a witness for the state and on material points against the defendant.
It therefore appears that counsel for defendant had ample opportunity to cross-examine Mrs. Holmes as to any animus she was suspected of entertaining against the accused. Moreover, the answer of the sheriff, objected to by the district attorney shows that Precious Bolton did not ask the sheriff to arrest defendant, but merely stated to him that some suspected him of committing the act of shooting into her mother’s house, as the cartridges seemed to indicate. The sheriff informed Precious Bolton that it was impossible for Poster to have done it, as he was in jail. This testimony, instead of proving bias or prejudice against the accused on the part of Precious Bolton or of ■ Mrs. Holmes, shows clearly that there was no ground for suspicion: on the part of either against defendant, and therefore no reason for any enmity against him by Mrs. Holmes, the state witness. This bill is without merit.
Bill of Exceptions' No. 6.
This bill presents nothing which we ' can review, as it is reserved to the overruling of a motion for a new trial on the ground that the verdict is contrary to, the law and the evidence. The per curiam to' this bill details the facts of the case. There is evidence in the record, and therefore no question of law is presented by this bill.
The judgment appealed from is affirmed.
O’NIELL, O. X, concurs in the decree.