ROGERS, J.
 

 The defendant was indicted for the murder of one Joseph Thomas, and was tried twice. The first trial resulted in a mistrial. On the second trial, he was found guilty as charged, and sentenced to
 
 *1001
 
 death. This appeal is from the conviction and sentence.
 

 The only error assigned as a ground for reversal is the refusal of the trial judge to sustain an objection to certain questions propounded by counsel for the state to the defendant, who took- the stand on his own behalf, tending to affect the credibility of the witness.
 

 Upon cross-examination, defendant was asked hbw many times he had been arrested or charged with the violation of any of the laws of the city and state. His answer was, that he did not know exactly. At the request of counsel for defendant, the court then instructed the jury that the testimony would be admitted only for the purpose of affecting, the credibility of the witness. The counsel for the state then propounded a series of questions to defendant, showing that he had been arrested a number of times for various minor infractions of the law. In the course of this examination, counsel for defendant objected to the testimony on the ground that it was inadmissible to attack the veracity of the witness, which could only be done by showing that he had been charged with offenses involving his lack of credibility or respect for the truth. The objection ■was overruled and a bill reserved.
 

 A defendant in a criminal prosecution cannot be compelled to become a witness, unless he so desires. Act No. 157 of 1916, p. 879. But, if he elects to do so, the general' rule is that he is subject to cross-examination and impeachment the same as any other witness, due regard being had to his constitutional . rights not expressly waived by him. See 4 Elliott on Evidence, p. 6, § 2705; State v. Waldron, 128 La. 559, 54 So. 1009, 34 L. R. A. (N. S.) 809; State v. Hughes, 141 La. 578, 75 So. 416.
 

 The cases are numerous in our jurisprudence holding that a defendant in a criminal prosecution, who takes the stand in his own behalf, may be asked on cross-examination for the purpose of impeaching his credibility, if he has ever been arrested or prosecuted ■ for the commission of other offenses, whether felonies or misdemeanors. State v. Brown, 154 La. 11, 97 So. 265; State v. Poster, 153 La. 154, 95 So. 536, and the cases therein cited.
 

 We do not find any error in the ruling complained of.
 

 Por the reasons assigned, the conviction and sentence appealed from are affirmed.