(120 So. 612)

No. 29698.

**STATE v. SIMMONS et al.**

Feb. 11, 1929.

Matthew J. Allen, of Amite, for appellants. Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J. Iley Simmons, Herbert Lea, and Robert Wall were jointly indicted for larceny. Simmons was a refugee from justice when the case was called for trial. Lea and Wall were tried. They were found guilty of the larceny of property valued at $100, and each was sentenced to imprisonment in the state penitentiary for one year. From the verdict and sentence both appealed.

Four bills of exception were reserved during the course of the trial, and a fifth bill was reserved to the overruling of a motion for a new trial.

Bill No. 1 was reserved to the overruling of defendants' objection to a question the district attorney asked a state witness. The

witness was asked to name the accused who had a hack saw, and he answered that Iley Simmons had the saw. The objection to the question and the answer thereto is urged upon the ground that Iley Simmons was not on trial, and the admission of any testimony as to him was prejudicial error. There is no merit in the bill. The parties on trial and Iley Simmons were jointly charged with being present and stealing the removable parts from a locomotive engine. The judge in the per curiam says:

"The evidence showed that Iley Simmons and the two accused were present and together on the engine when witness approached and all three started to run. Witness was able to apprehend Simmons, who had a hack saw. All three were together and were engaged in stripping the locomotive engine."

The ruling complained of presents nothing suggestive of prejudice.

█ Bill No. 2 was reserved to the overruling of an objection to a question propounded to defendant Wall by the district attorney. Defendant Wall had taken the witness stand in his own behalf, and had attempted to establish an alibi. What followed is briefly but clearly related in the per curiam to the bill. The judge says:

"Robert Wall, defendant, testified that at the time the larceny was committed he was at his home. Under cross-examination the District Attorney questioned him as to his movements, etc., and finally asked him if his mother was not at home at that time. To which objection was made. The court considered this a proper question. Mrs. Wall was sitting in the Court room but was not used as a witness."

In the case of State v. Guillory, 140 La. 361, 72 So. 995, and Marr's Crim. Jur. 739, the recognized rule is stated as follows:

"When the examination in chief of the witness is to establish an alibi, the State may cross-examine him as to other collateral facts and circumstances incidental to that question, though these particular facts and circumstances had not been dealt with in the examination in chief."

█ Bill No. 3 was reserved to the overruling of an objection to the following question asked the defendant Wall on cross-examination: "Are you not now charged with stealing an automobile in the State of Mississippi?" Defendant's objection is urged upon the ground that it is an attack upon his character, which had not been put at issue. Counsel has fallen into error. It was not *the character of the accused* but *the credibility of the witness* that was sought to be affected. The testimony was admissible for that purpose. State v. Hughes, 141 La. 578, 75 So. 416; State v. Barrett, 117 La. 1089, 42 So. 513; State v. Waldron, 128 La. 559, 54 So. 1009, 34 L. R. A. (N. S.) 809; State v. Quinn, 131 La. 490, 59 So. 913.

█ Bill No. 4 was reserved to the court's refusal to sustain defendant Wall's objection to a remark made by the district attorney, in his argument to the jury. The district attorney said:

"The mother of this defendant, Mary Jane Wall, is present in Court. Why did he not put her on the stand? He knew I would tear her up."

In the per curiam to bill No. 2, the judge recites the testimony given by the defendant in support of an alibi, and in the per curiam to this bill says, in substance, that the remark of the district attorney, which defendant excepted to, was a legitimate argumentative deduction from defendant's testimony. The failure of an important defense witness, who is present in court, throughout the trial, to take the stand and testify, may be commented upon by the district attorney in his argument to the jury. In the case of State v. Thomas, 127 La. 576, 53 So. 868, 37 L. R. A. (N. S.) 172, Ann. Cas. 1912A, 1059, this court said:

"Defendant also excepted to the following remarks made by the district attorney in his closing address to the jury: 'The testimony of the state's witnesses shows that his mother was there and begged him not to shoot. Why did he not have her here, if it is not true that she was there? And, gentlemen of the jury, it is a circumstance against him.' It is not denied that the witnesses of the prosecution had testified as here stated. The rest of the remark was by way of argument, and therefore unobjectionable."

Many authorities of similar import may be found under the head of Criminal Law, Cent. Dig. § 1673; 6 First Decennial Digest p. 927, ⊕➝ 721½.

Bill No. 5, in addition to the averment that the verdict is contrary to the law and the evidence, reiterates the grounds of objection urged in the four bills we have considered.

Finding no error in any of the rulings complained of, the verdict and sentence are affirmed.